STATE OF MAINE *vs.* JAMES E. CADY and another.

Cumberland.   Opinion June 19, 1888.

*Challenges.   Exceptions.   Practice.   Argument of counsel.*

In the trial of criminal causes, other than those that were lately capital, where there are several defendants, they are jointly, and not severally, entitled to the peremptory challenges allowed by statute.   The challenges are allowed to them as a party and not as persons.

Exceptions do not lie to the exclusion from the panel of a juror whom one defendant objects to and another defendant desires to retain.

A judge may in his discretion put a legal juror off the panel, but cannot put an illegal juror on.

Argument of counsel stated which was held unobjectionable.

ON exceptions from superior court.

Indictment for keeping and maintaining a liquor nuisance.

The point is stated in the opinion. At the trial, the county attorney in his argument to the jury said: "The testimony shows that not only these defendants but other parties have been connected with these shops and it is well known also that when the officers enter these rooms to make a seizure, to make a search, these parties at once, if they are able to do so, mingle with the crowd in the room and exercise no authority at the time the officers are there."

To this statement of the county attorney, there being no evidence of such a fact offered in the case, the defendants' counsel then and there excepted.

*George M. Seiders*, county attorney, for the state, cited: *State* v. *Soper*, 16 Maine, 293; *U. S.* v. *Marchant*, 12 Wheat. 480; R. S., c. 82, § 74; *State* v. *Lang*, 63 Maine, 215; *Com* v. *Gallagher*, 1 Allen, 592; *State Hynes*, 66 Maine, 114; Bish. Stat. Crimes, § 1048.

*W. F. Lunt*, for defendant.

R. S., ch. 82, § 74, provides as follows:

"Before proceeding to the trial of any civil or criminal case, other than capital, the clerk may, under direction of court, at the request of either party place the names of all jurors legally summoned and in attendance, and not engaged in the trial of any other cause, separately upon tickets in a box, and the names shall be drawn from the box by the clerk, after having been thoroughly mixed, one at a time, for the purpose of constituting a jury; and each party may peremptorily challenge two jurors; but in such case all peremptory or other challenges and objections to a juror drawn, if then known, shall be made and determined, and the juror sworn or set aside, before another name is drawn, and so on until the panel is completed. A new jury shall be thus drawn, and so on until the panel is completed."

"The object (of this statute) plainly is to give a party to

such suit, so pending, a right to have a jury of twelve, selected by lot from at least two full panels, or from all the jurors in attendance not otherwise engaged." *Davis* v. *B. & P. R. R. Co.* 60 Maine, 305.

"The word party is unquestionably a technical word, and has a precise meaning in legal parlance. By it is understood he or they by or against whom a suit is brought, whether at law or in equity; the party plaintiff or defendant, whether composed of one or more individuals. *Merchants Bank* v. *Cook,* 4 Pick. 411; 11 Allen, 568. Only two challenges allowed; 15 Ind. 274.

By statute in New Hampshire it was provided that "either party in all civil causes, and the respondent in all criminal causes not capital, shall, in addition to challenges for cause, have two peremptory challenges."

Construing these provisions, PERLEY, C. J., said, "It is the respondent, and not a respondent, nor every respondent, nor every person, as in capital causes, that has the right. Looking to the language of the statute, it evidently does not contemplate several rights of challenge belonging to different persons on the same side of the cause; the statute as in civil actions, appears to recognize but one collective party respondent." *State* v. *Reed,* 47 N. H. 466.

Our statute recognizes the distinction, because in section 12, ch. 134, in capital cases, the right of challenge is distinctly given to a person rather than a party.

In *Com.* v. *Drew,* 4 Mass. 391, two defendants were separately tried because they did not agree in their challenges.

The constitution guarantees to the parties of a cause the right of a trial by a jury duly constituted. *Rolfe* v. *Rumford,* 66 Maine, 565.

"If counsel make material statements outside of the evidence which are likely to do the accused injury, it should be deemed an abuse of discretion and a cause for reversal." 14 C. L. J. 408.

Counsel must confine themselves to the facts brought out in the evidence. *Dickerson* v. *Burke,* 25 Ga. 225; *Cook* v. *Ritter,* 4 E. D. Smith, 253; *Reed* v. *State,* 2 Ind. 438.

It is improper for counsel to state and assume as a fact anything

that has not been proved or put in evidence. *Bill* v. *People*, 14 Ill. 432; *Wightman* v. *Providence*, 1 Cliff, 524; *Rolfe* v. *Rumford*, 66 Maine, 564.

PETERS, C. J.   Two respondents were arraigned together under a joint liquor indictment, having the same counsel to answer for them.   The judge allowed each respondent two peremptory challenges in empanneling the jury, and when one respondent in person challenged a juror, the other disputed the challenge, claiming that he had a right to have the challenged juror on the panel.   One respondent accepted and the other rejected the juror.

The judge accorded to them two challenges each, while they were entitled to two jointly, and no more.   In capital cases each prisoner, under a joint trial, is entitled to his personal challenges. The statute in that case prescribes that "each person" shall be so entitled.   In all other criminal cases it is "the party" that is entitled to the two challenges.   If they do not agree upon the persons to be objected to, they lose their challenges. The presumption is, where respondents in criminal cases, not lately capital, consent to be tried together, or where the judge in his discretion orders a joint trial, that their interests are alike, and differences between them are uncalled for.   By R. S., c. 134, § 20; it is provided that issues in fact in criminal cases not capital, shall be tried by a jury drawn and returned in the same manner, and challenges shall be allowed, as in civil cases.   By R. S., ch. 82, § 74, it is provided that in civil cases, and criminal cases, not capital, "each party" is entitled to two peremptory challenges when a jury is empanneled by lot.   Party does not mean person.   Allowing challenges without cause is a merely statute right, not to be extended by construction.   Where defendants are numerous, if each had personal challenges, it would require the presence of an impracticable number of jurors. This question is settled by several authorities.   *State* v. *Reed*, 47 N. H. 466; *Stone* v. *Segur*, 11 Allen, 568; *State* v. *Sutton*, 10 R. I. 159.   These cases show that several respondents are but one party, and are entitled to no more challenges than one

defendant. But if, in his discretion, the judge extended a greater privilege than the statute concedes, neither respondent is in a position to complain of it. We have held in *Snow* v. *Weeks*, 75 Maine, 105, that to a ruling of a judge, in excusing or rejecting a juryman, exceptions will not lie. It is there said : "He may put off a juror when there is no real and substantial cause for it. That cannot legally injure an objecting party as long as an unexceptionable jury is finally obtained. He may put a legal juror off. He cannot allow an illegal juror to go on." This question was exhaustively and learnedly examined in a case of piracy, *United States* v. *Marchant*, 12 Wheat. 480, in which Judge STORY maintains the same doctrine, and he there says : "The right of peremptory challenge is not of itself a right to select but a right to reject jurors." He further remarks that the right "enables the prisoner to say who shall not try him, but not to say who shall be the particular persons who shall try him."

The objection to the county attorney's remarks is without force. He was expressing his judgment upon the testimony and giving illustrations of it in an unobjectionable manner. He was not relating outside facts. The other objections have no weight.

*Exceptions overruled.*

WALTON, DANFORTH, VIRGIN, LIBBEY and FOSTER, JJ., concurred.