[L. A. No. 891.   Department Two. — October 7, 1901.]

134 279
138 168

JAMES COOK, Respondent, v. LOS ANGELES AND PASADENA ELECTRIC RAILWAY COMPANY, Appellant.

NEGLIGENCE — COLLISION OF ELECTRIC CAR WITH WAGON — QUESTIONS FOR JURY — NONSUIT — SUPPORT OF VERDICT. — In an action for injuries, caused by the negligence of the defendant in causing an electric car to collide with plaintiff's wagon at a regular crossing, where the evidence was conflicting, and that adduced on the part of the plaintiff tended to show that the car was running at an excessive rate of speed, and that the plaintiff was driving slowly and using due care, the questions whether, upon the whole evidence, the collision was inevitable, or defendant was guilty of negligence, and whether the plaintiff was chargeable with contributory negligence, were properly submitted to the jury.   A motion of the defendant for a nonsuit in such case was properly denied; and a verdict for the plaintiff will not be disturbed upon appeal.

ID. — EVIDENCE — SPEED OF CAR — DISTANCE — SCHEDULE TIME — CROSS-EXAMINATION. — Where some of defendant's witnesses testified to the rate of speed of the car, questions asked them, on cross-examination, as to the distance between the termini, and the schedule time for that run, were within the range of proper cross-examination, and being preliminary, could not be prejudicial to the defendant.

ID. — REQUESTED INSTRUCTIONS SUBSTANTIALLY INCLUDED IN CHARGE. — The refusal of the court to give requested instructions, substantially included in the charge, which, as a whole, stated the law correctly, is not erroneous, and the fact that the precise language of the requests was not given, and that some of them were modified, cannot prejudice the rights of the appellant.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial.   Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

A. R. Metcalfe, and John D. Pope, for Appellant.

J. T. Houx, and Max Loewenthal, for Respondent.

HENSHAW, J. — This is an action to recover damages for personal injuries.   The cause was tried before a jury and verdict was for plaintiff.   From the judgment and from an order denying a new trial the defendant appeals.

At the place of the accident, defendant maintained a double track. Plaintiff attempted to drive across it with his vehicle. A car was approaching on each track. The car upon the track nearest to him somewhat obstructed his view of the farther car. Plaintiff was not driving fast, but at a jog-trot. An open manhole in the street necessitated his crossing the track. Plaintiff was at a regular crossing. He could not see the car approaching upon the farther track, though he looked, but, upon the other hand, the motorman of that car could have seen his horse as he drove upon the track. By the testimony of one witness, plaintiff was "driving slowly, noticing things, like any other man driving ought to do and would do." As his horse stepped upon the farther track, the car upon the inner track slowed down, and the car upon the farther track, traveling at an excessive rate of speed, "shot past," struck plaintiff's vehicle, and inflicted the injuries complained of. All this, and more, to establish due care upon the part of the plaintiff, and negligence upon the part of the defendant in operating its car, and in moving it through the corporate limits of the city at a high and illegal rate of speed, was shown by the evidence. It is true, there was a conflict in the evidence upon these matters, but from the verdict the evidence favorable to plaintiff must have been accepted by the jury. The cause was one, then, properly submitted to the jury for determination, upon the question of defendant's contributory negligence, and upon the question of the accident having resulted from inevitable casualty. For this reason, also, the motion for a nonsuit based upon these grounds was properly denied.

The car by which plaintiff was injured traveled between Los Angeles and Pasadena. Some of defendant's witnesses, having testified to the rate of speed of the car, were asked as to the distance between Los Angeles and Pasadena, and the schedule time for that run. It is contended that this was error, being an endeavor to show that to make the schedule time the car would have to travel at an average rate of speed greater than that testified to by the witnesses. This is more an inference which appellant's attorney seeks to draw from the questions, than a matter established. It does not appear that such was the purpose of the inquiry. The questions were but preliminary. They were within the range of legitimate cross-examination, and the answers were entirely without injury to appellant, because in each case the witnesses testified that

while they might travel at a higher rate of speed than eight miles an hour without the limits of the city, within the limits of the city, and upon this particular occasion at the time of the accident, that was their rate of speed.  Upon this point, therefore, it is enough to say that the questions themselves were fairly within the scope of legitimate cross-examination, and even if this were not so, the answers were productive of no injury to defendant, and therefore afford no ground for reversal.  (*People* v. *Ebanks,* 117 Cal. 652.)

The refusal of the court to give certain instructions asked by defendant, and its modification of certain instructions proposed by defendant, are urged as injurious errors, but we think that as to no one of them is the complaint well founded.  The matter of the instructions which were refused was clearly and fairly delivered to the jury in the instructions given, and the modifications were properly added to the proposed instructions, for otherwise, and in their original form, the court would have been justified in refusing to give them at all, as not containing a fair and exact exposition of the law.  What was said in *Clark* v. *Bennett,* 123 Cal. 275, may be here repeated: "Considering these instructions [the instructions given], and that all the instructions given, as a whole, stated the law correctly, and fairly to both sides, we do not think that the refusal to use the precise language contained in the offered instruction refused could have prejudiced the rights of the appellant."

For the foregoing reasons the judgment and order appealed from are affirmed.

Beatty, C. J., and McFarland, J., concurred.