[S. F. No. 2581.   Department One.—December 23, 1902.]

CARRIE F. MULLER, Respondent, v. ANAIS HALE, Appellant, and SAN FRANCISCO DISTRICT TELEGRAPH COMPANY, Respondent.

JURY—JOINDER OF PARTIES IN CHALLENGE—CONSTITUTIONAL LAW.—The requirement of section 601 of the Code of Civil Procedure, that where there are several parties on either side of an action they must join in a challenge to a juror before it can be made, is not violative

of the fourteenth amendment of the constitution of the United States in denying to persons the equal protection of the laws.

MARRIED WOMEN—PARTIES—NEGLIGENCE.—A married woman nving separate and apart from her husband, by reason of his desertion of her, may sue alone to recover damages for personal injuries sustained by her through the negligence of the defendant.

NEGLIGENCE—PASSENGER ELEVATOR—EVIDENCE.—In an action to recover damages for personal injuries sustained by reason of the negligent operation of a passenger elevator, questions as to the conditions surrounding the elevator on days other than that on which the accident occurred, and the customary manner of operating other elevators, are immaterial.

ID.—WANT OF MEDICAL ATTENDANCE.—In such an action the plaintiff, after it has been shown on cross-examination that she did not have medical attendance subsequent to a particular day, may testify on redirect examination as to the reasons why she was unable to secure such attendance.

ID.—CONTRIBUTORY NEGLIGENCE.—Under the circumstances of this case, the question of the plaintiff's contributory negligence in stepping through the door opening into an elevator shaft, without looking to see whether the elevator was in place, was for the jury.

ID.—INSTRUCTIONS—NONSUIT.—In an action for negligence originally brought against two parties, as to one of whom a nonsuit was granted, and as to the other of whom a verdict was recovered, it was not necessary to specifically instruct the jury that the plaintiff could not recover if her injuries were caused through the negligence of the party in whose favor the nonsuit was granted, if it was instructed that no recovery could be had unless the other defendant was negligent.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Alexander D. Keyes, for Appellant.

Charles W. Slack, and Rodgers, Paterson & Slack for Plaintiff and Respondent.

Naphtaly, Freidenrich & Ackerman, for Respondent, San Francisco District Telegraph Company.

VAN DYKE, J.—This action was brought to recover damages for personal injuries sustained by the plaintiff through

the alleged negligence of the defendants. The trial court granted a motion for a nonsuit made by the defendant San Francisco District Telegraph Company after the plaintiff's case in chief was closed. Plaintiff recovered a verdict and judgment of five thousand dollars against the defendant Anais Hale, who now appeals from the judgment, and also from an order denying a motion for a new trial.

1. Appellant claims the court erred in refusing to allow the defendant Hale four peremptory challenges. During the impanelment of the jury the defendants had joined in challenging three jurors, and the defendant Hale peremptorily challenged another juror named Hugh Fraser, but the co-defendant, San Francisco District Telegraph Company, refused to join in this challenge. Thereupon the court overruled the challenge. "Either party may challenge the jurors; but where there are several parties on either side they must join in a challenge before it can be made." (Code Civ. Proc., sec. 601.) A similar provision was contained in the old Practice Act. The appellant concedes that the ruling of the court was justified by the statute of this state, but contends that it violates the fourteenth amendment of the constitution of the United States, in that it denies persons equal protection of the laws. We see nothing in this contention, inasmuch as the same rule applies to all the parties to an action where they are united with others, either as plaintiffs or defendants.

2. Appellant contends that there is a defect of parties plaintiff, inasmuch as the plaintiff's husband was not joined with her in bringing the action. It appears, however, by the testimony of the plaintiff that at the time of the injury, and at the time of bringing the action, she was living separate and apart from her husband, through his own neglect in deserting her, and that before the trial of the action she had obtained a divorce from him. When a married woman is living separate and apart from her husband, by reason of his desertion of her, she may sue or be sued alone. (Code Civ. Proc., sec. 370, subd. 3.)

3. It is contended by appellant that the court erred in not allowing the defendant to prove certain facts tending to show contributory negligence on the part of the plaintiff. The accident to the plaintiff occurred January 31, 1898, in the building known as the old Supreme Court Building, at the

northwest corner of Larkin and McAllister streets, in the city
and county of San Francisco. The building then was in the
possession and control of the defendant Hale. It was five
stories in height, besides the basement and attic, and was
used for stores, offices, and living apartments. The main en-
trance to the building is from the sidewalk on the west side
of Larkin Street. The hall, or passageway, runs from this
entrance in a westerly direction a distance of about forty
feet from the sidewalk to the elevator. The width of the
entrance is about ten feet, and its height about thirteen feet.
The entrance from the street was entirely open. To the left
of the elevator was a stair going up, and on the other side a
passageway that leads downstairs to the basement. The depth
of the elevator shaft from the entrance floor to the bottom is a
little less than ten feet, and the width of the elevator door is
a little less than three feet. The plaintiff, at about two o'clock
in the afternoon of the day she was injured, went to the
building to consult her attorney, who had an office in the
building, on the floor above the entrance. The day was
cloudy, and the hallway near the elevator was dark and
gloomy, and without artificial light. The plaintiff had called
on her attorney on several other occasions, and had always
taken the elevator to his office. In her testimony she said,
"At the time I entered the hall it was very dark and gloomy.
There was no artificial light burning in it." On cross-exam-
ination she was asked, "Don't you know it is customary for
elevators to have lights?"—and this, under plaintiff's objec-
tion, was ruled out. The question here was whether this par-
ticular elevator at that time had a light; not whether it was
customary for elevators to have lights. One of the defend-
ant's witnesses, a tenant of the building, was asked this ques-
tion, which, under plaintiff's objection, was ruled out: "Do
you remember what was the condition of the hall of that
building at about two o'clock in the afternoon in January,
on dark days, as to light and darkness, and as to the ability
of a person to distinguish, from the entrance on Larkin Street
objects at or near the shaft?" and the same question was
repeated in reference to afternoons in January, 1900, on
rainy days. We think the court did not err in its rulings on
these questions. The question was as to the hall being lighted
on that day and at the time the plaintiff called to take the ele-

vator; not whether it might have been lighted some other day during the month of January, 1900, or any other year.

4. It is claimed by the appellant that the court allowed incompetent evidence which tended to increase the amount of damages awarded, and specifies the following: That on re-direct examination of the plaintiff she was asked by her counsel why she had no medical attendance after she left St. Luke's Hospital, and answered, over the objection of defendant, "Because I was financially embarrassed and my circumstances did not allow me"; but it appears that defendant's counsel, on his cross-examination, had drawn out the fact from the plaintiff that after she left St. Luke's Hospital she did not have any medical attendance, and the question complained of, therefore, on re-examination was simply in the line of explaining why she did not have any medical attendance, and was entirely proper.

5. It is claimed by appellant that plaintiff was guilty of contributory negligence; that she must have known she was stepping through the door of an elevator shaft, and that if she had looked while she was walking over the entrance she would have seen that the elevator was not in readiness. She testified on this subject: "I entered the building to take the elevator and saw the door was open and a portion of a man in the doorway to the left as I walked in. . . . When I saw the man in that position I walked straight ahead and stepped into space. The elevator was not there when I stepped inside the shaft." The question of contributory negligence, under the facts and circumstances surrounding the case, was submitted to the jury, and they found as a fact that plaintiff was not guilty of contributory negligence. The evidence is sufficient to sustain that finding of fact, and therefore the verdict cannot be set aside on that ground.

6. Appellant contends that the court erred in refusing to limit the liability of the defendant to responsibility for the acts and omissions of herself and her servants in this, that the court refused certain instructions, numbered 9, 10, 11, and 12, to the effect that the defendant was not liable if the jury should find that the acts or negligence of the employees of the San Francisco District Telegraph Company caused the injury complained of. As already shown, the plaintiff failed to make out a case against that company, and the action pro-

ceeded after the granting of the nonsuit, against the appellant alone, and she was, therefore, the only defendant at the time the cause was submitted to the jury. The question of inquiry, therefore, to be submitted to the jury was not whether that company or its servants and agents had been guilty of negligence, but whether the defendant, whose case was then on trial, —to wit, the appellant,—had been guilty of negligence, and the jury was instructed that if she, through her servants in charge of the elevator, had failed to use reasonable care and caution to make the elevator and the doors leading to it safe for all persons, including the plaintiff, who had a right to use the elevator, and the plaintiff was injured thereby, without contributory negligence on the plaintiff's part, the plaintiff was entitled to a verdict; and the jury was further instructed that "if you find that defendant in this action was not negligent the plaintiff cannot recover." The jury having been thus instructed that the plaintiff could not recover if the appellant was not negligent, there was no occasion to further instruct them that the plaintiff could not recover, if her injuries were caused through the negligence of a third party. (*People* v. *Kelly*, 28 Cal. 423; *Clark* v. *Bennett*, 123 Cal. 275; *Cook* v. *Los Angeles etc. Ry. Co.*, 134 Cal. 279.) But if it had been shown that the plaintiff's injuries were caused by the concurring negligence of the appellant and the telegraph company, the appellant was liable, without regard to the negligence of said company. (*Pastene* v. *Adams,* 49 Cal. 87; *Doeg* v. *Cook,* 126 Cal. 213.[1])

The judgment and order are affirmed.

Garoutte, J., and Harrison, J., concurred.

Hearing in Bank denied.

---

[1] 77 Am. St. Rep. 171.