STATE OF IOWA, Appellee, v. F. CROUCH, Appellant.

**Rape:** INDICTMENT: DUPLICITY. An indictment charging an assault 1 with intent to carnally know and with actual carnal knowledge of a female of such imbecility of mind as to prevent effectual resistance is not uncertain as to whether it charges an offense under Code, section 4756, relating to the age of consent, or under section 4758, relating to intercourse with an imbecile, so as to render it void for duplicity.

**Change of venue:** DISCRETION OF COURT. The granting of a change 2 of venue is largely discretionary with the trial judge and unless an abuse of that discretion is shown the ruling will not be disturbed on appeal.

**Qualification of jurors:** DISCRETION OF COURT. The qualification of a juror is primarily a question for the trial court, and its ruling will not be disturbed except upon a clear showing of abuse of discretion.

**Indictment:** SURPLUSAGE. In a prosecution for rape on a female of imbecile mind, it is proper to allege an assault and an implied allegation of force will be treated as surplusage.

**Witnesses:** COMPETENCY: RIGHT TO EXAMINE. The question of whether the state or defendant shall first examine a witness of imbecile mind with respect to competency is discretionary with the court, and its ruling will not be interferred with unless the record discloses absolute incompetency.

**Same.** An imbecile is not necessarily an incompetent witness, but the question of competency is for the court to determine from the power of memory and knowledge of right and wrong.

**Evidence:** MOTION TO STRIKE. A motion to strike the answer of a witness in its entirety, where a portion of it is admissible, should be overruled.

**Evidence:** PREVIOUS CONDUCT. The previous lascivious conduct of defendant toward prosecutrix, in a prosecution for rape, if not too remote and disconnected is admissible.

**Instructions:** REASONABLE DOUBT. One general charge as to reasonable doubt which is applicable to each element of the offense is sufficient, without restating the rule in connection with each instruction.

**Misconduct of jurors.** The fact that two of the jurors, during the trial, visited the scene of an alleged rape and there talked the matter over among themselves, is held not to have amounted to misconduct, where it was shown that they said nothing about their observations to their fellow jurors and both testified that the visit had nothing to do with their verdict.

**Corroborating evidence.** On a prosecution for rape the question of whether there is corroborating testimony is for the court, but its sufficiency is ordinarily for the jury. The corroborating evidence is reviewed and held sufficient to warrant conviction.

**Same.** Mere opportunity to commit a rape is not of itself corroboration but if the opportunity was of defendant's deliberate creation it becomes a circumstance to be considered in determining his guilt.

*Appeal from Palo Alto District Court.*— HON. W. B. QUARTON, Judge.

TUESDAY, MAY 8, 1906.

DEFENDANT was indicted, tried, and convicted of the crime of rape, and from a judgment on the verdict appeals. — *Affirmed.*

*C. E. Cohoon* and *George E. Clarke,* for appellant.

*Charles W. Mullan,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, for the State.

DEEMER, J.— Defendant is charged with having committed a rape upon one Ellen Waite, she being of such imbecility of mind as to prevent effectual resistance. Whatever else may be said, defendant has no cause for complaint of his counsel. His case seems to have been unusually well tried, both in the district court and upon this appeal. We shall not consider every point presented, as to do so would unduly extend the opinion.

I. The indictment was demurred to upon the ground of being uncertain and void for duplicity. It charges that defendant made an assault upon the body and person of the

1. RAPE: indictment: duplicity. prosecuting witness, with intent then and there to ravish and carnally know her, and that he did then and there ravish and carnally know the said Ellen Waite, she then and there being a female, naturally of such imbecility of mind as to prevent effectual resistance on her part. Claim is made that the charge is uncertain; that is to say as to whether the offense is intended to be brought under Code, section 4756, which provides for rape, by force and against her will of a female over fifteen years of age, or by having carnal knowledge of a female under fifteen years of age; or under section 4758, which makes it rape for one to have intercourse with an imbecile. The same thought is also presented for appellant in the suggestion, that the indictment is bad for duplicity. There is

nothing in either contention. The indictment charges an assault with intent to ravish and carnally know, and an actual ravishment and carnal knowledge of a female naturally of such imbecility of mind, etc. Certain it is, that this does not charge carnal knowledge of a female under fifteen years of age. It does charge an assault with intent to ravish and carnally know, and an actual ravishment and carnal knowledge of a female of such imbecility of mind as to prevent effectual resistance, etc. This clearly brings the offense under section 4758 of the Code. *State v. Austin,* 109 Iowa, 118; *State v. Trusty,* 122 Iowa, 82, and cases cited.

II. Before the case was reached for trial, defendant filed a petition for a change of venue, which was in the usual form, and was supported by an affidavit signed by five or more persons. The state filed affidavits in resistance, signed by fifty or more citizens of Palo Alto county. Some of the affiants were produced and cross-examined, and the whole matter was thoroughly investigated by the trial court, resulting in an order denying the petition. Complaint is made of the ruling. Such matters are largely within the discretion of the trial court having the case in hand, and this is peculiarly so where as here the affiants are before the court, and are personally examined and cross-examined. The very atmosphere in such cases throws light on the real situation; and we are not disposed in such cases to interfere unless there be a clear abuse of discretion. That does not appear here. The case is very different in its facts from those appearing in *State v. Crafton,* 89 Iowa, 109; *State v. Billings,* 77 Iowa, 423, and other like cases relied upon by appellant. It is more like *State v. McDonough,* 104 Iowa, 8; *State v. Williams,* 115 Iowa, 97; and *State v. Weems,* 96 Iowa, 426.

2. CHANGE OF VENUE: discretion of court.

III. A juror called into the box for the trial was challenged by the state because of his inability to read, write, or understand the English language. The challenge was sus-

tained, and of this defendant complains. This was also a
matter resting peculiarly within the sound dis-
cretion of the trial court; and there is no such
showing here as to justify our interference.
*Sprague v. Atlee,* 81 Iowa, 1; *Geiger v. Payne,* 102 Iowa,
581; *State v. Guidry,* 28 La. Ann. 630. Of necessity, this
question is primarily for the trial court; and it must be
a strong case which will justify an appellate tribunal in
interfering. *Anson v. Dwight,* 18 Iowa, 241. Defendant
was in no manner prejudiced in having one excluded from
the jury of even doubtful qualifications; and in many
states it is held no ground for complaint, even if a challenge
on the part of the state is erroneously sustained. *Stephen-
son v. State,* 110 Ind. 358 (11 N. E. 360, 59 Am. Rep.
216); *State v. McKinney,* 31 Kan. 570 (3 Pac. 356); *State
v. Cady,* 80 Me. 413 (14 Atl. 940); *State v. Kluseman,*
53 Minn. 541 (55 N. W. 741). See, also, Geiger v. Payne,
*supra,* which points strongly in the same direction. It is
not necessary to so hold now, and we refer to these cases
to show the trend of authority.

3. QUALIFICATION OF JURORS: discretion of court.

IV. Defendant filed a motion to require the state to
elect upon which charge of rape it would rely; and this
was overruled. The ruling was correct. The charge was
not double. See authorities cited in the first
division of this opinion. Also, *State v.
Scroggs,* 123 Iowa, 649; *State v. Anderson,* 125 Iowa, 501;
*Farrell v. State,* 54 N. J. Law 416 (24 Atl. 723). The as-
sault allegation was proper, and the implied allegation of
force will be treated as surplusage.

4. INDICTMENT: surplusage.

V. The prosecuting witness was called and her com-
petency to give testimony was immediately challenged by
defendant's counsel. They also asked to examine her as to
her competency. Instead of granting their
request, it was overruled for the time being,
and the county attorney was allowed to proceed
to establish her competency. After he had conducted such

5. WITNESSES: competency: right to examine.

examination as he pleased, defendant's counsel then took the witness in hand, and endeavored to establish her incompetency. After hearing the witness' examination, the trial court allowed her to be sworn, and she was examined as a witness against the defendant. Here again we have both a question of fact, and the discretion of the trial court to deal with. It was purely within the discretion of the trial court to say which side should first examine the witness as to her competency; and after hearing all the evidence the question of competency was so largely a fact question, and so peculiarly within the knowledge and discretion of the trial court, that we should not interfere, unless the record leaves no doubt as to the witness' incompetency.

Of course an idiot is an incompetent witness; but an imbecile is not necessarily so. It is true that the indictment charges imbecility on the part of the prosecuting witness, but it is imbecility of a peculiar and particular nature which is charged. Surely the charge made in the indictment with reference to the imbecility of the prosecutrix, did not disqualify her as a witness. That question was for the court, under the usual test, to wit, ability to retain in memory events witnessed by the one whose competency is challenged, and to give him or her a knowledge of right and wrong. *Walker v. State,* 97 Ala. 85 (12 South. 83); *Holcomb v. Holcomb,* 28 Conn. 177; *Coleman v. Com.,* 25 Grat. (Va.) 865 (23 Am. Rep. 711). For gross abuse of discretion only is an appellate court justified in interfering in such cases. *State v. Severson,* 78 Iowa, 653; *State v. Enright,* 90 Iowa, 523; *Wheeler v. U. S.,* 159 U. S. 523 (16 Sup. Ct. 93, 40 L. Ed. 244); *Williams v. State,* 12 Tex. App. 127. See, also, *Gore v. State,* 119 Ga. 418 (46 S. E. 671); *Tucker v. Shaw,* 158 Ill. 326 (41 N. E. 914); *State v. Juneau,* 88 Wis. 180 (59 N. W. 580, 24 L. R. A. 857, 43 Am. St. Rep. 877).

6. SAME.

VI. A witness was introduced, who testified to having seen defendant coming from the house where it is claimed

prosecutrix was ravished, very near the time when the of-
7. EVIDENCE: fense is said to have been committed. On
motion to
strike.        cross-examination an attempt was made to
shake the witness' recollections as to dates. On re-exami-
nation the witness was asked, in effect, if there was any-
thing about the circumstance to which he had testified in
chief, which made him suspicious or impressed it upon his
mind. Objection to this was overruled. The ruling was
unquestionably correct. The answer to the question was in
part at least legitimate, but defendant moved to strike it
as an entirety, for the same reasons as were urged against
the question. This was overruled, as it should have been.
The objectionable part of the answer was not asked to be
stricken; and so long as part of it was good the motion to
strike all was properly overruled.

VII. Another witness was allowed to testify that some
two years before the alleged ravishment, defendant many
times turned the door knob to the door of a room which was
8. EVIDENCE: occupied by the prosecutrix, while she was
previous con-
duct.        working for the defendant; and that defend-
ant said then and at other times that he would kiss her,
the prosecutrix. The witness said that this was a some-
what frequent occurrence while prosecutrix was working for
the defendant. If not too remote, this testimony was
clearly relevant and material. Previous conduct of defend-
ant tending to show a lascivious disposition on his part to-
ward the prosecutrix is admissible in a prosecution for a sex-
ual offense. *State v. Trusty,* 122 Iowa, 85; *State v. Car-
penter,* 124 Iowa, 5. If these occurrences stood alone it
might perhaps be said that they were too remote. But it
appears that after prosecuting witness left defendant's em-
ploy, he, defendant, went to where she was living with her
father, many times upon frivolous excuses, and at least once
followed her into the house, unexpectedly finding her father
there, and beating a somewhat hurried retreat. Defendant
seemed to be making opportunities for meeting the prosecu-

trix alone, and his previous demonstrations and statements to
her, tending to show his disposition, coupled with his inter-
vening conduct, were admissible in evidence.   See cases al-
ready cited and *State v. King,* 117 Iowa, 484.

VIII. The court did not in each instruction say that
the jury should find the facts required beyond a reasonable
doubt.   It did give the usual instruction upon that subject,

9. INSTRUCTIONS: which the jury was bound to apply to each ele-
   reasonable
   doubt.         ment of the offense, if it followed the charge,
and this is all that is required in any criminal case.   In
its seventh instruction, with reference to corroboration of
the prosecuting witness, the trial court gave the usual one
relating to that subject, and although complaint is made of
it, it has the approval of this court in *State v. Carpenter,*
124 Iowa, 13, and other like cases.

IX. After verdict defendant filed a motion for a new
trial based among other things upon, first, insufficiency of
the testimony to support the verdict; second, misconduct of

10. MISCONDUCT   counsel in argument; and, third, misconduct
    OF JURORS.    of two jurors in going to the scene where the
offense is claimed to have been committed.   Little is said
in argument regarding the claimed misconduct of counsel,
and we see nothing in the record relating to this matter
of sufficient moment to justify further comment.   As to
misconduct of the jurors:   It appears that during the
progress of the trial, and while the case was being argued,
these two jurors went to the *locus in quo,* and verified the
tetimony of some of the state's witnesses as to physical con-
ditions.   While there they talked over the matter between
themselves; but it is shown that they said nothing about
their observations to their fellow jurors.   They each testi-
fied that their visit and what they saw had nothing what-
ever to do with their verdict.   While not, of course, ap-
proving of this conduct, there is no such showing as to jus-
tify our interference.   Not only is there no showing of
prejudice; but the testimony distinctly negatives any such

thought. There is no claim that the jurors saw anything which had not already been testified to without contradiction; and their observations, if they had any effect, simply confirmed the physical situation as testified to by the witnesses. Moreover, it is shown without conflict that the observations of these jurors were not discussed or referred to in the jury room or in the presence of the other members of the panel, and each testified emphatically that what he saw had nothing whatever to do with his verdict. The case is ruled in this connection by *Caldwell v. Nashau,* 122 Iowa, 179; *State v. Beasley,* 84 Iowa, 87; *State v. Allen,* 89 Iowa, 49; *State v. Woodson,* 41 Iowa, 427. There was no error in overruling the motion on the ground of misconduct of jurors.

The last and only other proposition we care to consider is the sufficiency of the testimony to support the verdict. If the jury believed the prosecutrix, as it had the right to do, the fact that a crime was committed by some one is sufficiently established. Indeed, without her testimony it is clearly shown that some one had unlawful sexual connection with her. This being true the only question left is the sufficiency of the other testimony, corroborative of the prosecutrix, tending to connect the defendant with the offense. Whether or not there is such corroborative testimony is a question of law for the court; but, such being found, the sufficiency thereof is ordinarily for the jury. *State v. Norris,* 122 Iowa, 155; *State v. Norris,* 127 Iowa, 683. At the time the offense is said to have been committed, the prosecuting witness was living alone with her father in the northeastern part of the town of Emmetsburg. Defendant went to the place on the day of the alleged ravishment, as he says, to get a drink of water. There he found the prosecutrix in the yard gathering the clothes from a line. The testimony shows that he followed her into the house, and there had intercourse with her. Prosecutrix's father was

*11. CORROBORATING EVIDENCE.*

away from home, but returned just as defendant was leaving the premises. There was a pump in the yard close to the house, upon which there was a tin cup, but defendant did not stop there to slake his thirst. He admitted he was in the house at the time in question, but said he went in to get a drink. As a result of intercourse with some one, prosecutrix became *enceinte,* and, when her condition was discovered, some of the members of her family met defendant on the street, and asked him to go to the home of one of them. Defendant said he would not go without a witness, and, seeing the sheriff of the county upon the other side of the street, he called to him, and when he approached said that he wished him, the sheriff, to go with him, that "they were trying to get him into some scrape that he had nothing to do with." Thereupon they all went to the appointed place. Down to this time nothing had been said as to the object or purpose of the meeting. When they arrived at the house, defendant was accused of having had intercourse with the prosecutrix. This he denied, but, upon being questioned as to the object of his visit at the Waite house at the time when it was thought the crime had been committed, he made various contradictory statements and excuses, and some admissions, regarding his presence at the scene of the crime, which were quite significant. Defendant was a witness on his own behalf at the trial, and his testimony was contradictory of statements theretofore made by him and in itself. He had been at the Waite house at other times on no lawful mission, and his excuses for being there are and were transparent. There was sufficent corroborative testimony, as we think, to take the case to a jury; and with its finding we shall not interfere. *State v. Baker,* 106 Iowa, 100.

While mere opportunity to commit such an offense does not of itself amount to corroboration, yet if this opportunity was of defendant's creation, and made with apparent deliberation, this with other circumstances tending to connect

him with the offense, should be considered in determining whether or not he is the guilty party. Taking the testimony as a whole the jury was bound to believe that a rape was committed upon the prosecutrix by some one at or very near the time charged; and from testimony, other than that coming from her, we find that defendant was upon the premises and in the house on that day; that his mission there is unexplained, save as he gave an unsatisfactory and untruthful account of his purpose in being there. His conduct with the prosecutrix before that time; his appearance upon the premises at other times for no reasonable purpose; his conduct when asked by a member of the prosecutrix's family to go with her to her home; and his statement to the sheriff, taken in connection with his testimony while upon the witness stand; these and some other facts which are of more or less significance, tend to point out the defendant as being the man who committed the rape. Whether they were sufficient or not was primarily for the jury, and with its finding we are not justified in interfering. Some other matters are discussed, which are not of sufficient importance to justify separate consideration.

12. SAME.

There is no prejudicial error in the record, and the judgment must be, and it is, *affirmed*.