[Civ. No. 3470. First Appellate District, Division One.—July 27, 1920.]

## RACHEL E. BLACKWELL, Administratrix, etc., Respondent, v. THE AMERICAN FILM COMPANY, INCORPORATED (a Corporation), Appellant.

[1] ABATEMENT—ACTION FOR DAMAGES—DEATH OF PLAINTIFF.—Where the plaintiff in an action for damages for personal injuries dies after rendition of judgment, and such judgment is not vacated or set aside, the action does not abate.

[2] NEGLIGENCE — CONCURRING ACTS OF CODEFENDANTS — RECOVERY AGAINST EITHER OR BOTH.—Where the injury to plaintiff resulted either from the negligence of one defendant or the other, or from the negligence of both, the plaintiff may recover against either, or both of the defendants, whose concurring acts of negligence united in producing the injury.

[3] ID.—DEGREES OF NEGLIGENCE IMMATERIAL—CONCURRENT LIABILITY. In an action for damages for personal injuries sustained in an automobile collision, if it is established to the satisfaction of the jury that the plaintiff's injuries were caused by the concurring negligence of the two defendants, either defendant is liable without regard to the negligence of its codefendant, notwithstanding the fact that one may have been wanton and reckless and that the other simply manifested want of ordinary caution.

[4] ID.—BURDEN OF PROOF—REFUSAL OF PROPER INSTRUCTION—LACK OF PREJUDICE.—In this action for damages for personal injuries sustained by plaintiff in a collision between an automobile owned by a film company and that owned and operated by a stage company, a requested instruction "that the burden of proving the negligence of defendant American Film Company rests upon plaintiff and in order for plaintiff to recover against defendant American Film Company it must establish such negligence by a preponderance of the evidence" contained a correct statement of

---

2. Concurrent negligence of two or more persons resulting in injury to a third person, note, 16 **Am. St. Rep.** 250.

law, and, while it was error to refuse it, in view of other instructions given, the error was not prejudicial.

[5] ID.—RIGHT TO RECOVER—ERRONEOUS INSTRUCTION IMMATERIAL.— In such action, it was error for the court to instruct the jury that "plaintiff is entitled to recover of at least one of these defendants and perhaps both of them. That is a question for you to determine. There is no question of contributory negligence or unavoidable accident involved," but, as the entire record clearly established the fact that a verdict for both the defendants would have been contrary to the evidence, the error was immaterial.

[6] ID.—FORM OF VERDICT SUBMITTED—FORM OMITTED WITHOUT PREJUDICE—Such action having been tried upon the theory that plaintiff was entitled to recover of either one or both of the defendants, each of whom endeavored to fasten the liability upon the other, the court properly submitted but three forms of verdict to the jury: one for damages against both defendants; the second for damages as against the defendant stage company and in favor of the defendant film company; and the third for damages against the defendant film company, and in favor of the defendant stage company; and in view of the record, no prejudicial error resulted from its failure to submit a form of verdict finding in favor of both defendants.

[7] ID.—WEIGHT OF EVIDENCE—INTEREST OF WITNESSES—UNNECESSARY INSTRUCTION.—In this action, the court having instructed the jury that they might, in weighing the evidence and determining the credibility of the witnesses, consider "their relation to the parties" and "their interest. in the case," it was not necessary that it give the further instruction: "Plaintiff, of course, is interested in his case and the employees of both defendants are interested. You are not on that account, however, solely to disbelieve any of them. You are merely to consider that interest in passing upon their credibility," but as this latter instruction included witnesses on all sides of the case, the giving of it was not prejudicial error.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Chas. Monroe, Judge.    Affirmed.

The facts are stated in the opinion of the court.

Thompson & Robertson, Ford & Bodkin and W. P. Butcher for Appellant.

E. B. Drake for Respondent.

WASTE, P. J.—The plaintiff's intestate, her husband, Edward Blackwell, was seriously injured in a head-on collision

between an automobile, owned by the American Film Company, and one owned and operated by the defendant United Stages. Both defendants denied any liability in the premises and alleged the negligent operation of the automobile of its codefendant, as the proximate cause of the accident. It is not claimed by either that the plaintiff was guilty of contributory negligence, or that the injury was caused by inevitable accident. The jury rendered a verdict in favor of the plaintiff, and against the defendant American Film Company alone, awarding damages in the sum of $13,762. From the judgment entered, that defendant has appealed. [1] Blackwell has since died, but the action did not abate, the judgment in his favor, rendered before his death, not having been vacated or set aside. (*Fowden* v. *Pacific Coast S. S. Co.*, 149 Cal. 151, 153, [86 Pac. 178].) Rachel E. Blackwell, as administratrix of Blackwell's estate, has been substituted as plaintiff in his place.

In seeking a reversal of the judgment, appellant places its reliance upon errors in giving and refusing instructions, and in submitting to the jury three forms of verdict claimed to be misleading and unfair to the Film Company.

The collision occurred at night on a straight section of the highway, and the evidence demonstrates that each machine was in plain sight of the other for approximately a half mile. There is testimony that the automobile of the defendant Film Company was on the left-hand side of the road, and that the driver of the stage, his automobile being then on the right-hand side, turned off the paved section of the highway to his right, just before the collision occurred, in order to avoid the crash, and that the Film Company auto lights "made a straight line toward the stage." There is other evidence which would reverse the respective positions of the automobiles, and also indicate that the stage was being operated at the speed of forty to forty-five miles an hour, while that of the Film Company was proceeding at a rate of thirty to thirty-five miles per hour. These were all matters for the consideration of the jury, whose duty it was to pass upon and reconcile the conflicting statements, in the light of the circumstances surrounding the accident and the opportunity of the witnesses to observe the facts concerning which they testified.

[2]    The injury suffered by plaintiff was not self-inflicted; it resulted either from the negligence of the defendant, the American Film Company, or from the negligence of the defendant United Stages, or from the negligence of both. All the authorities recognize the right of a plaintiff to recover, under such circumstances, against either or both of the defendants, whose concurring acts of negligence united in producing the injury. (*Doeg* v. *Cook*, 126 Cal. 213, [77 Am. St. Rep. 171, 58 Pac. 707].)    [3]    If it were established to the satisfaction of the jury that the plaintiff's injuries were caused by the concurring negligence of the appellant Film Company, and the respondent Stage Company, the appellant was liable without regard to the negligence of its codefendant. (*Muller* v. *Hale*, 138 Cal. 163, 168, [71 Pac. 81].)    When the question arises between two parties, who are jointly charged with negligence, it is only necessary to show that both contributed to the injury, notwithstanding the fact that one may have been wanton and reckless and that the other simply manifested want of ordinary caution. Although the act of each defendant alone might not have caused the injury, there is no good reason why each defendant should not be liable for the damage caused by the different acts of all. (*Spear* v. *United Railroads*, 16 Cal. App. 637, 659-661, [117 Pac. 956].)    If the Film Company was guilty of negligence in the instant case, it has no defense in the fact that the negligence of the Stage Company may have also contributed to that damage, through the operation of its stage at an excessive rate of speed. (*Forsythe* v. *Los Angeles Ry. Co.*, 149 Cal. 569, 572, [87 Pac. 24].)

In the light of these authorities, if the jury believed that the automobile of the appellant was being negligently operated on that portion of the highway reserved to the use of the auto of the Stage Company, and that such fact contributed to and was a proximate cause of the accident, then the jury was justified in bringing a verdict against the appellant, notwithstanding that the excessive rate of speed of the stage may have been a concurring cause. Appellant is reluctant to concede that the law, as we have stated it, is particularly applicable to the facts in this case, which explains some of the contentions it has made.

[4]    The appellant requested the court to instruct the jury "that the burden of proving the negligence of defend-

ant American Film Company rests upon plaintiff and in order for plaintiff to recover against defendant American Film Company it must establish such negligence by a preponderance of the evidence.'' The request was refused, and no reason appears or suggests itself to us for such action by the lower court, for the instruction contained a correct statement of law. All the court did in that regard was to state to the jury that ''In civil cases . . . a preponderance of evidence is all that is required. That is, such evidence as when weighed with that opposed to it has more convincing force, and from which it results that the greater probability is in favor of the party upon whom the burden rests.'' The jury were thus left uninformed as to where the burden of proof rested, as to appellant's negligence. Later in its charge, in dealing with the other defendant, the United Stages, a common carrier, the court gave a proper instruction as to the burden of proof in considering its negligence. The refused instruction should have been given. It was error, but, as we shall presently show, in our further consideration of the instructions, not prejudicial, to refuse it.

[5] The court instructed the jury: ''In this case the plaintiff is entitled to recover of at least one of these defendants and perhaps both of them. That is a question for you to determine. There is no question of contributory negligence or unavoidable accident involved in this case. One or the other of these defendants and perhaps both of them, for you to determine, were guilty of negligence.'' Again, in the course of its charge, the court said: ''As I have told you, the plaintiff is entitled to recover against one of these parties and, may be, both.'' It was error for the court to thus charge the jury that the plaintiff was entitled to recover, but, as the entire record so clearly establishes the fact that a verdict for both the defendants would have been contrary to the evidence, the error should be regarded as immaterial. (*Levitzky* v. *Canning*, 33 Cal. 299, 305; *Green* v. *Ophir C., S. & G. M. Co.*, 45 Cal. 522, 527; *Estate of Spencer*, 96 Cal. 448, 454, [31 Pac. 453]; *City of Santa Ana* v. *Gildmacher*, 133 Cal. 395, 399, [65 Pac. 883].)

[6] In this same connection, the court submitted but three forms of verdict to the jury: one for damages against both defendants; the second for damages as against the defendant United Stages and in favor of the defendant Amer-

ican Film Company; and the third against the defendant American Film Company and in favor of the United Stages. No other form or forms of verdict appear to have been requested. In fact, as already stated, none other could have been rendered under the evidence. Both appellant and the other defendant, to all intents, acknowledged that plaintiff's intestate was injured in the accident, and each industriously sought to fasten the liability for his injuries upon its codefendant. That appears to have been the theory upon which the case was tried. No prejudicial error resulted from the failure of the court to submit to the jury, with the others, a form of verdict finding in favor of both defendants. Upon this record, such a verdict, if found, would be clearly erroneous. (Cases last cited.)

After fully and correctly instructing the jury as to the reciprocal duties owed plaintiff by each defendant, the court further charged it:

"If you believe from the evidence that the sole and proximate cause of the accident was the negligence of the American Film Company or its servants, then it will be your duty to find a verdict against that company and in favor of the United Stages.

"If, on the other hand, you believe that the sole and proximate cause of the accident was the negligence of the United Stages, then it will be your duty to find a verdict against that company and in favor of the American Film Company.

"And if you find that both were guilty of negligence in any degree which proximately contributed to the accident, you will find against both.

"But if the evidence is equally consistent with the exercise of due care on the part of the defendant American Film Company no recovery can be had against that defendant. *Of course, if the evidence is equally balanced as to either defendant then you will find in favor of that defendant.*"

Appellant contends that the sentence italicized conflicts with another portion of the charge, wherein the jury was told that as the United Stages was carrying plaintiff's intestate as a passenger for hire, when he was injured, a presumption of negligence arose which threw upon that defendant the burden of showing that the injury was sustained without any negligence on its part. It argues that

if the evidence was equally balanced the Stage Company had not overcome its burden, and the verdict should necessarily have been against it. Assuming such a state of the evidence to exist, the instruction did no violence to the right of the appellant. As one of two joint *tort-feasors* it was liable to plaintiff for the injuries received, regardless of whether a verdict was returned against its codefendant or not.

[7] The court also instructed the jury: "Plaintiff, of course, is interested in his case and the employees of both defendants are interested. You are not on that account, however, solely to disbelieve any of them. You are merely to consider that interest in passing upon their credibility." Appellant contends that this was error. In °our opinion it was not prejudicial error, because it included witnesses on all sides of the case (*Pennsylvania `Co.* v. *Versten*, 140 Ill. 637, [15 L. R. A. 798, 30 N. E. 540]), but there was no occasion for giving the instruction. It is never safe for a trial judge, in instructing a jury, to comment upon, or call attention to the testimony of one or more witnesses. In the instant case the court had already instructed the jurors that they might, in weighing the evidence, and determining the credibility of the witnesses, consider "their relation to the parties" and "their interest in the case." That was sufficient, and the instruction should have stopped there. In two places, in its charge, the trial court used the following language: "Negligence is of no consequence unless it is the proximate cause of the *accident*." Appellant complains of the use of the word "accident" instead of the word "injuries," contending that, granting its negligence might have caused, or contributed to, the accident, the negligence of the other defendant might have been the sole or an aggravating cause of the injuries suffered by the plaintiff's intestate. Appellant attempts to make a distinction without a difference. Furthermore, the charge, in other apt instructions, properly related the negligence of the defendants in this case to the injuries of plaintiff's intestate.

Except in the particulars considered, the charge was a correct and fairly adequate statement of the law of the case. The plaintiff's intestate was seriously injured by the collision of the automobiles of the two defendants,

without any fault of his own. As bluntly stated by the court to the jury, he was entitled to recover from one or the other, or from both of the joint *tort-feasors*. The instructions made it clear that it was for the jury to decide and fix the responsibility on one or both defendants. The errors committed by the court in refusing and in giving instructions, therefore, did not result in a miscarriage of justice, and are not such as would warrant a reversal. It does not require the invocation of the remedial provision of the constitution, which is clearly applicable, to so hold. The authorities already cited establish the rule that such errors are immaterial and should be disregarded when, as in the instant case, a verdict finds abundant support in the law and the facts. (*Levitzky* v. *Canning*, 33 Cal. 299, 305; *Green* v. *Ophir C., S. & G. M. Co.*, 45 Cal. 522, 527, and other cases first cited.)

The judgment is affirmed.

Richards, J., and Welch, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 23, 1920.

Shaw, J., Lawlor, J., Wilbur, J., Lennon, J., and Olney, J., concurred.