**STATE of Maine**

v.

**Jerry LARRIVEE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 6, 1989.
Decided Sept. 14, 1989.

Paul Aranson, Dist. Atty., Edmund Folsom, Asst. Dist. Atty., Portland, for plaintiff.

Thomas J. Connolly, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

Following a jury trial (Cumberland County, *Lipez, J.*), Jerry Larrivee appeals his convictions of one count of burglary, three counts of theft of a firearm, two counts of robbery, and one count of unlawful possession of a firearm. We affirm.

Contrary to Larrivee's arguments, there was evidence in the record from which the jury could find every element of the offenses charged beyond a reasonable doubt.

The Superior Court did not abuse its discretion in seating an alternate in place of a juror who, both counsel agreed, had slept through the playing of the defendant's taped confession. 15 M.R.S.A. § 1258 (1980) (court may replace with alternates "jurors who, prior to the time the jury retires to consider its verdict, become unable or disqualified to perform their duties"). Since there was no dispute that the juror had been sleeping,[1] voir dire was not required. The defendant was not entitled to have this particular juror vote on his guilt or innocence but only an "unexceptionable," *State v. Cady*, 80 Me. 413, 417, 14 A. 940, 941 (1888) (quoting *Snow v. Weeks*, 75 Me. 105, 106 (1883)), and an "impartial" jury, *State v. Lizotte*, 249 A.2d 874, 877 (Me.1969). That is what he received.

The entry is:
Judgments affirmed.

All concurring.

---

1. According to the defendant's counsel,

> my feeling is he [the prosecutor] put them to sleep, he should have to live with that, that the fact that a juror is lulled into semi-consciousness, particularly during a critical phase of the case is not grounds for removal of the juror, especially whereas the fact she did not hear the Defendant's so-called confession would in my opinion make it virtually certain she would have a reasonable doubt about the case.