10 F.3d 805
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jerry LARRIVEE, Plaintiff, Appellant,
v.
MCC, SUPT., Defendant, Appellee.
 No. 93-1716.
 United States Court of Appeals
First Circuit
 Nov. 29, 1993.
 
 Appeal from the United States District Court for the District of Maine
 Jerry Larrivee on Memorandum of Law Seeking Probable Cause to Appeal.
 D.Me.
 AFFIRMED
 Before Breyer, Chief Judge, Torruella and Selya, Circuit Judges.
 Per Curiam.
 
 
 1
 Petitioner Jerry Larrivee seeks a certificate of probable cause to appeal the dismissal of his 28 U.S.C. Sec. 2254 habeas petition. For the reasons set forth below, we deny his request. Petitioner was convicted, after a jury trial, of burglary, robbery, theft of a firearm and possession of a firearm by a felon. This was his second conviction; both convictions arose out of robberies of taxicab drivers. His conviction was affirmed on direct appeal. See State v. Larrivee, 563 A.2d 1104 (Me. 1989).
 
 
 2
 Petitioner's habeas petition contains four grounds for relief: (1) withholding of information by the prosecutor; (2) conviction obtained by the use of perjured testimony of a witness; (3) conviction obtained by the use of an inadmissable and involuntary confession; and (4) conviction obtained by an unconstitutional in-court identification. The district court referred the matter to a magistrate judge. He rejected grounds one and two on the basis that they had been disposed of on the merits in a prior habeas petition.
 
 
 3
 As for grounds three and four, the magistrate judge basically determined that these claims had been 'exhausted' in the sense that petitioner now would be barred from pursuing any state remedy. However, the magistrate judge went on, petitioner failed to show cause for this procedural default. In addition, the magistrate judge stated that the Fourth Amendment aspect of the admissability of petitioner's confession was barred. See Stone v. Powell, 428 U.S. 465, 494 (1976) (where habeas petitioner had a full opportunity to litigate such a matter in state court, federal court is barred from considering it in a Sec. 2254 petition).
 
 
 4
 We agree that petitioner may not pursue grounds one and two in this habeas action. In addition to the reason given by the district court, it is plain that these claims have been procedurally defaulted. Petitioner presented both of these grounds in a Maine R. Crim. P. 33 new trial motion and in a post-conviction review petition. In rejecting the claims in the latter proceeding, the state court held that the issues of the use of perjured testimony and the withholding of evidence from the defense were barred on the basis that '[r]ather than relitigating [these] grounds in the present proceeding, the proper procedure for contesting [the Rule 33] decision is through direct appeal to the Maine Law Court.' Under Coleman v. Thompson, 111 S. Ct. 2546 (1991), if a 'state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement,' the prisoner must show cause and prejudice to be entitled to federal habeas review. Id. at 2554, 2565. Petitioner has not made this showing.[1]
 
 
 5
 In relation to grounds three and four, it appears from the State's Response to the habeas petition that there is a real question whether petitioner may have, in fact, satisfied the exhaustion requirement. Rather than remand the matter, however, we will assume exhaustion for the purposes of disposing of petitioner's request for a certificate of probable cause on the merits.
 
 
 6
 1. Involuntary Confession. Petitioner alleges that the following events rendered his confession involuntary and, hence, inadmissable. After his arrest, petitioner states that he was interrogated by four police officers for two hours; one of the officers stood behind him at all times. At some point, according to petitioner, he was informed that the police had in their possession a statement from two persons implicating him in the offense. According to petitioner, there only was a statement from one individual. Finally, upon being promised that if he confessed he would not be prosecuted, petitioner narrated a statement. He asserts that the only reason he did so was because of this promise. He further alleges that he was not allowed to read over his statement in order to make changes.[2]
 
 
 7
 To determine the question of voluntariness, we must consider what effect the totality of the circumstances had on petitioner's will. See Schneckloth v. Bustamonte, 412 U.S. 218, 226-27 (1973). In the context of a habeas corpus petition, petitioner has the burden of demonstrating that his will was overborne by police tactics and that, as a result, his confession was the product of a "critically impaired" intellect. See Jenner v. Smith, 982 F.2d 329, 333 (8th Cir.) (citation omitted), cert. denied, 62 U.S.L.W. 3245 (1993); see also United States v. Lawrence, 889 F.2d 1187, 1189 (1st Cir. 1989) (a showing that psychological or physical pressure overrode a defendant's will required). A confession is not involuntary unless the police overreached by using coercive tactics to elicit an incriminating statement from a defendant. See Colorado v. Connelly, 479 U.S. 157, 163-64 (1986).
 
 
 8
 Here, there is nothing to indicate that petitioner was anything else but of normal intelligence. He does not assert that he was illiterate or uneducated. Further, we assume, because petitioner does not indicate to the contrary, that he had been advised of his Miranda rights upon his arrest. See Miranda v. Arizona, 384 U.S. 436 (1966). Thus, he was aware that any statement he made could be used against him. See Evans v. Dowd, 932 F.2d 739, 742 (8th Cir.) (per curiam) (Where Miranda warnings were given, 'it would be difficult to conclude that the police coerced the confession while at the same time warning [defendant] that he need not say anything.'), cert. denied, 112 S. Ct. 385 (1991).
 
 
 9
 Petitioner's most serious allegation is that the police specifically promised that he would not be prosecuted if he confessed. In Bram v. United States, 168 U.S. 532 (1897), upon which petitioner relies, the Court held that a confession is involuntary if it was obtained by any promises - implied or direct, substantial or slight. Id. at 542-43. However, Bram 'has not been interpreted as a per se proscription against any promises made during interrogation.' Miller v. Fenton, 796 F.2d 598, 608 (3d Cir.), cert. denied, 479 U.S. 989 (1986). The question is whether the promise, by overcoming the will of petitioner, induced the confession; that is, 'whether, under the totality of the circumstances, the statement induced the confession, not whether it was, on its face, a promise.' Id. at 609 n.10.
 
 
 10
 The bare statement that petitioner decided to confess because of a police promise that he would not be prosecuted, standing alone, does not satisfy this inquiry. What is missing are factual allegations of any specific behavior or conversations. See United States v. Santiago Soto, 871 F.2d
 
 
 11
 200, 202 (1st Cir.) (per curiam) (no coercion where allegation that defendant was afraid of postal inspectors not supported by 'a description of any specific behavior'), cert. denied, 493 U.S. 831 (1989). Further, there is no indication in any of petitioner's pleadings that he was in a weakened state of mind due to psychological pressures or that, due to the length of the questioning, the use of physical punishments, or the threat of violence or prolonged incarceration, he was no longer rational. Compare Davis v. North Carolina, 384 U.S. 737, 745-47, 752 (1966) (defendant held for sixteen days under repeated interrogation without being told of rights; confession found to be involuntary); Payne v. Arkansas, 356 U.S. 560, 567 (1958) (confession involuntary where defendant not advised of rights, held incommunicado for three days, denied food for long periods of time and threatened with violence).
 
 
 12
 We only note that courts have upheld as voluntary confessions given in circumstances more coercive than alleged here. See, e.g., Stein v. New York, 346 U.S. 156, 185 (1953) (12-hour interrogation stretched out over 32-hour period, not so 'oppressive as to overwhelm powers of resistance'); United States v. Kiendra, 663 F.2d 349, 351-52 (1st Cir. 1981) (confession held voluntary despite fact that defendant, with a ninth-grade education, held in solitary confinement for one month before confession); United States v. Parker, 549 F.2d 1217, 1220-21 (9th Cir.) (confession determined to be voluntary even though defendant interrogated for four hours and despite existence of dispute as to whether agents used promises of drugs and physical force), cert. denied, 430 U.S. 971 (1977). See generally Lawrence, 889 F.2d at 1190.
 
 
 13
 2. Unconstitutional In-court Identification. Although not entirely clear, petitioner apparently bases this claim on his assertion that he did not resemble either of the descriptions of the perpetrators given to the police by the victim. As a result, he asserts, the in-court identification was impermissibly 'tainted.' Petitioner goes on to argue that if the fact of the prior descriptions had been disclosed to the defense, the 'misidentification' never would have occurred.
 
 
 14
 These allegations do not state a constitutional claim. This is not the case where a suggestive pretrial identification procedure 'tainted' an in-court identification during trial. See e.g., Stovall v. Denno, 388 U.S. 293, 302 (1967) (individual showup in hospital room). Rather, petitioner's concern appears to be evidentiary in nature. That is, he argues that if he had had, at the time of trial, the information concerning the victim's description, petitioner could have impeached the victim's credibility. Because petitioner has procedurally defaulted the claim concerning the failure of the prosecution to disclose exculpatory material, this claim, by itself, is not cognizable under Sec. 2254. See Neil v. Biggers, 409 U.S. 188, 196-201 (1972).
 
 
 15
 The request for a certificate of probable cause is denied. The motion to proceed in forma pauperis on appeal is moot.
 
 
 
 [1]
 We also agree with the district court's reliance on Stone v. Powell to dismiss the claim that petitioner's confession was obtained in violation of the Fourth Amendment; petitioner has not alleged the denial of an opportunity to raise this issue in state court
 
 
 [2]
 Petitioner's assertion that the state trial court should have held a hearing on the question of the voluntariness of his confession once petitioner testified that it was made under 'the use of inducement' is without merit. In the absence of a motion to suppress the statement prior to trial or an objection to its admission during trial, there must exist 'alerting circumstances' before a court has the duty to sua sponteinquire into the voluntariness of a confession. See United States v. Santiago Soto, 871 F.2d 200, 202 (1st Cir.) (per curiam), cert. denied, 493 U.S. 831 (1989). No such circumstances exist here. Id. (duty to hold a hearing if it appears defendant is impaired physically or mentally) (citing cases)