JACKSON, *ex dem.* WICKHAM, *against* BELKNAP.

*Where by the act of the legislature, passed 6th April, 1792, the surveyor general was authorized to sell such lands of W. as C. should discover to have become forfeited by the attainder of W, under the act of October, 1779, and pay the moneys arising from such sale to the treasurer, &c. out of which the treasurer was to pay the demand of C. against W. and the surveyor general sold all the estate of W in a certain lot of land. In an action of ejectment, by a person claiming under the deed of the surveyor general, it was held that the act of the legislature, and the deed of the surveyor general were, prima facie, evidence of title sufficient to enable the plaintiff to recover.*

THIS was an action of ejectment for land in the town of *Lumberland,* in the county of *Sullivan,* tried before Mr. Justice *Yates,* at the *Sullivan* circuit, in *September,* 1814, when a verdict was taken for the plaintiff, subject to the opinion of the court, on the following case:

The plaintiff gave in evidence an act of the legislature, entitled " an act to authorize the treasurer of this state to pay to sundry persons the several sums of money therein mentioned," passed the 6th of *April,* 1792. This act, after reciting that *William Cockburn,* pursuant to the act of the 9th of *March,* 1790, had his accounts and demands against *John Weatherhead,* whose estate, by his attainder, had been forfeited to the people of this state, liquidated and certified; but that all the moneys arising from the estate which had come into the hands of the treasurer had been paid out to other creditors, &c. enacted " that if the said *William Cockburn* shall discover any estate, forfeited by the attainder of the said *John Weatherhead,* to the surveyor general, and not before disposed of, it shall and may be lawful for the surveyor general to sell the lands so discovered at public vendue, to give a conveyance of the same to the purchaser or purchasers thereof, without warranty, and to pay the moneys arising from such sales into the treasury, and the treasurer shall, out of such moneys, pay the demands of the said *William Cockburn,*" &c.

The plaintiff also gave in evidence a deed from *Simeon Dewitt,* the surveyor general, to the lessor of the plaintiff, for lot No. 4. in the seventh division of the *Minisink* patent, the premises in question, of a moiety of which the defendant was in possession. This deed was dated the 22d of *February,* 1810.

The plaintiff next gave in evidence the will of *Catharine Dodge,* of the city of *New-York,* dated the 6th of *October,* 1774, by which she devised to *John Weatherhead* a lot of ground in the said city, and, also, her messuages, lands, tenements, and hereditaments, situate, &c. in the *Minisink* patent, whice were purchased by her grandfather, *Cornelius Dodge,* of

*John Cholwell*, and it was admitted, that on the division of the *Minisink* patent, the lot in question fell to *John Cholwell*, one of the original patentees.

The premises were vacant until about the year 1792 or 1793, when one *Burton* entered and built a log house and a saw mill, but without pretending to claim any title to the land. After being in possession some time, he leased his improvements to two persons, who remained in possession, as his tenants, for several years, and then abandoned the lot. The premises remained vacant three or four years, when *Burton* again entered, with his son-in-law, *Huickman*, and took possession of his former improvement; but neither *Burton* nor *Huickman* ever claimed any thing more than the mere naked possession of the land.

In 1807 *Burton* sold his possession to *Allison Buckbec*, who transferred it to the lessor of the plaintiff.

About three years before the trial, *Huickman* sold his possession to the defendant.

After the lessor had obtained the deed from the surveyor-general, *Huickman* said he thought the lessor had treated him ill, in refusing to admit him as a partner in the purchase of the lot, according to the promise which, he alleged, the lessor had made to him.

The case was argued by *J. Duer* and *Sudam*, for the plaintiff, and by *P. Ruggles* and *S. Jones*, jun. for the defendant.

PER CURIAM. The lessor of the plaintiff claims title to the premises in question under a deed from the surveyor-general, bearing date the twenty-second day of *February*, 1810, and which was given under, and pursuant to, the provisions of an act of the legislature of the sixth of *April*, 1792, which, after reciting a claim which *William Cockburn* had against *John Weatherhead*, authorized the surveyor-general to sell such lands of *Weatherhead* as *Cockburn* should discover to have become forfeited by the attainder of *Weatherhead*, and which should not have been before discovered. This act, and the deed from the surveyor-general, were, *prima facie*, enough to entitle the plaintiff to recover; and nothing was shown on the part of the defendant, in any manner, to rebut this evidence of title. The

surveyor-general was a public officer, executing a special trust reposed in him by the act referred to. He was only authorized to sell such lands as *Cockburn* should discover to him, to have become forfeited by the attainder of *Weatherhead*. It is to be presumed, therefore, that due inquiry was made by him, whether the premises in question were such lands; and although this inquiry was *ex parte*, it was made under the authority of the statute, and the title given in pursuance thereof is to be received, in the first instance, as given conformably to the requisites of the act. Neither the possession taken by *Burton* in the year 1792, or by him and *Huickman* in the year 1802, were under claim or pretence of title. They were mere naked possessions, and must be deemed to have been held subservient to the title of the real owner; and whatever right *Burton* had was purchased by the lessor of the plaintiff in the year 1807. The only claim set up by the defendant, is the possession purchased of *Huickman*, about three years before the trial. After the lessor of the plaintiff had obtained his deed from the surveyor-general, *Huickman* complained that he had treated him ill, in not admitting him a partner in the purchase, according to his promise. This amounted to a recognition of the plaintiff's title. The time is not stated, with precision, when these complaints or confessions were made; but it must be presumed it was before *Huickman* sold to the defendant. No objection was made to the evidence; and if the confessions were made after he had parted with his interest, whatever it was, the testimony would have been inadmissible. The plaintiff is entitled to judgment.

Judgment for the plaintiff.