# CASES

## IN THE

# SUPREME JUDICIAL COURT

### IN

## THE COUNTY OF SOMERSET, JUNE TERM, 1831.

---

### SAVAGE *vs.* BALCH.

The rule requiring that the party, offering a deposition taken out of the State and not under a commission, must prove the official character of the person who took it, was made to prevent management and imposition, and to afford reasonable satisfaction to the court that the transaction was correct and fair.

Therefore where such deposition was taken at *St. Stephens,* in New Brunswick, the adverse party living in the adjoining town of *Calais,* and attending the caption, without objection, the court presumed that he was acquainted with the person and official character of the magistrate, and admitted the deposition without other proof.

In an action against the sheriff for the misfeasance of his deputy in the service of an execution, the declarations of the deputy are admissible in evidence against him.

And where the deputy in such case had declared that the execution creditors had engaged to indemnify him, their testimony was for this cause held inadmissible.

THIS was an action of trover, against the late sheriff of the county of *Washington,* for a yoke of oxen which had been taken by *Ebenezer Reding,* of *Calais,* his deputy, and sold, under an execution in his hands against one *James Flanders,* in favor of *Hamilton* and *Edgely.* At the trial before *Weston J.* it appeared that the oxen once belonged to the plaintiff; and the principal question was

whether he had sold them to *Flanders*. To this point the testimony was multifarious ; and certain declarations of the plaintiff offered by himself, but objected to, were admitted in evidence, as part of the *res gesta*. But this part of the case it is unnecessary to state, as the opinion of the court upon it, confirming the decision of the Judge, settles no doubtful point, and contains no new illustration or application of any settled principle of law.

In the course of the trial the plaintiff offered the deposition of one *Anderson*, which had been more than a year on the files of the court, and which appeared to have been taken before a magistrate at *St. Stephens*, in the British province of New Brunswick, *Reding*, the deputy sheriff, having been present at the caption. The defendant objected to its admissibility, for want of proof that the person before whom it was taken was a magistrate, duly qualified to take depositions. But the Judge overruled the objection.

The defendant offered the depositions of *Hamilton* and *Edgely*, the judgment creditors of *Flanders*, on whose execution the oxen had been sold ; to the admission of which the plaintiff objected, on the ground of their interest in the suit ; and to this point he proved that *Reding*, when he seized the oxen, being informed that the plaintiff claimed them, and that they probably were his, replied that he did not care about that, for he was indemnified by *Hamilton* and *Edgely*. Whereupon the Judge rejected their testimony.

A verdict being returned for the plaintiff, the questions of law were reserved for the opinion of the court.

*Allen* and *Boutelle*, for the plaintiff.

*Sprague* and *Preston*, for the defendant.

MELLEN C. J. delivered the opinion of the Court.

It is contended on the part of the defendant that the deposition of *Anderson* was improperly admitted, because, having been taken at *St. Stephens*, in the province of New Brunswick, not under a commission from court, there was no proof that the person before whom it was taken was a magistrate. Our rule requires such proof, where a deposition is taken out of the State, and not under a commission. But the question is whether the circumstances of this

case do not justify the admission of the deposition, according to the spirit of the rule, which was made to prevent management and imposition, and to furnish the court with reasonable satisfaction that the transaction was correct and fair. Now it appears that this deposition was taken near *Calais,* where *Reding* the deputy resides ; and the fact is notorious that *St. Stephens* is opposite to *Calais.* Besides, *Reding* attended at the caption, and enjoyed the opportunity for cross examination. This circumstance, in connexion with the local situation of *Reding,* raises a violent presumption that he was acquainted with the person before whom the deposition was taken, and also with his official character. Other proof on that head seems unnecessary, as it does not appear that any objection was made by *Reding,* who is the real defendant in the present action.

As to the objection to the ruling of the Judge excluding the depositions of *Hamilton* and *Edgely,* the answer is obvious. It appeared to the court, from the declaration of *Reding,* that they had engaged to indemnify him against all damages by reason of his seizing and selling, on their execution against *Flanders,* the very oxen for the conversion of which the present action is brought. Of course they were directly interested to disprove the plaintiff's title, so as to protect themselves from liability to *Reding,* on their engagement to indemnify him.

*Judgment on the verdict.*