## GEORGE L. SNOW *vs.* LEANDER WEEKS.

Knox.   Opinion April 7, 1883.

75  105
97  228

*Juror.   Taxes.   Warrant to arrest for taxes.*

A judge may in his discretion exclude from the panel a juror who is not legally disqualified to sit; exceptions do not lie to the act.  He may put a legal juror off, but cannot allow an illegal juror to go on.

The plaintiff having been arrested for his taxes by a sheriff, under a warrant issued against him by the defendant, a city collector and treasurer, sued the defendant for the arrest, and the defendant justified himself by his warrant. By the tax-act interest upon taxes was collectible after a date fixed therefor by a vote of the city.  *Held:*  That an assertion in the warrant, that January 1, 1878, was the date fixed by the city, is *prima facie* evidence of the fact.

In such a suit the warrant is sustained by the ordinary presumption of correctness which attaches to the proceedings of officers in the performance of a public trust; it *prima facie* proves itself.

ON exceptions and motion for new trial by defendant.

Action of trespass against the treasurer and collector of taxes of the city of Rockland for the year 1877.   The verdict was for plaintiff for $493.75.

The opinion states the material facts.

*J. O. Robinson* and *A. P. Gould,* for the plaintiff, contended that the defendant's justification failed because there was no evidence of any vote of the city of Rockland fixing a time when or within which the taxes for 1877 were payable. R. S., 1871, c. 6, § § 93, 153 ; stat. 1876, c. 92.

Two things are required by the statute of 1876 ; (1) that by an independent vote, the city or town shall first fix a time within which taxes shall be paid ; (2) that the vote imposing interest after a certain time to be fixed in the same vote shall be passed if at all " at a meeting when money is appropriated or raised."

The statute clearly contemplates two independent votes.   The city cannot impose interest until it has first fixed a time within which the tax shall be paid.

No vote of the city council, whatever, was put into the case and the authority for issuing any warrant at all against the plaintiff by the defendant, therefore, fails. No vote authorizing interest was introduced, the warrant was void for that reason.

*D. N. Mortland*, for the defendant, cited : 2 Greenl. Evidence, 629 ; 1 Greenl. Evidence, 79 ; *Call* v. *Pike*, 68 Maine, 217 ; *Nowell* v. *Tripp*, 61 Maine, 426 ; *Bethel* v. *Mason*, 50 Maine, 501 ; *Judkins* v. *Reed*, 48 Maine, 386 ; *Caldwell* v. *Hawkins*, 40 Maine, 526 ; R. S., c. 6, § § 147 – 153 ; *Chegaray* v. *Jenkins*, 5 N. Y. 376 ; *Abbott* v. *Yost*, 2 Deino, 86 ; *Savacool* v. *Boughton*, 5 Wend. 170 ; *Bailey* v. *Mayor*, 3 Hill, 531 ; *Pritchard* v. *Keefer*, 53 Ill. 117.

PETERS, J. At plaintiff's request, the presiding judge excluded from the panel several jurors from the city of Rockland, upon the assumption that the city might have some interest, or the jurors some bias, in the result of the suit. It is denied by the defendant that such bias or interest existed. But it matters not whether it existed or not. It was a matter for the exercise of the discretion of the judge. To his ruling upon such a question exceptions do not lie. He may put off a juror when there is no real and substantial cause for it. That cannot legally injure an objecting party as long as an unexceptionable jury is finally obtained. It is quite a different question where a judge puts a juror upon the panel who cannot sit. He may put a legal juror off. He cannot allow an illegal juror to go on. *Ware* v. *Ware*, 8 Maine 29 ; *Shea* v. *Lawrence*, 1 *Allen*, 167.

Upon another point, however, the exceptions must be sustained. The action is for an arrest and imprisonment. A *prima facie* case was made out for the plaintiff by proving that he was arrested at the defendant's request. The defense set up at the trial was, that the plaintiff was arrested and held by an officer, by virtue of a warrant issued against him by the defendant as the treasurer and collector of the city of Rockland, for a balance of taxes due from him. The warrant required the sheriff to collect interest upon the taxes from January 1, 1878. By the tax-act, interest was legally collectible upon taxes after such date as

the city by its vote should fix for their payment. The warrant clearly enough asserts that the date fixed by a vote of the city was January 1, 1878. No evidence, however, *aliunde* the warrant, was introduced to prove that such vote was passed, and the judge ruled that, for the want of such proof, the justification pleaded by the defendant was not made out. This ruling was wrong.

The warrant *prima facie* proves itself. It is sustained by the ordinary presumption of correctness which attaches to the proceedings of officers. The justification was *prima facie* made out, when the warrant was presented and the officer's action under it proved. The burden was then cast upon the plaintiff to show that the warrant was erroneously issued. The facts upon which the warrant pretends to be founded were as accessible to the plaintiff as to the defendant. Their existence or non-existence could easily be shown by either party. Public policy requires the plaintiff to disprove the official statement, if he is not satisfied of its correctness. After the warrant is produced in justification of the arrest of the plaintiff, he can be in no better condition than if the action were instituted against the defendant for issuing an irregular and unauthorized warrant, and in such case the illegality of the warrant must necessarily be proved. It would hardly be pretended that a clerk of our courts would be liable to a person against whom he issues an execution, without proof that the execution was falsely or fraudulently issued. Very much the same legal policy requires that the collector's mandate shall be to him a *prima facie* protection.

The law seeks to uphold official acts. In all reasonable cases, it presumes that officers have acted legally. It affords ample aid and encouragement to an official who is honestly endeavoring to execute a public trust. We think there are excellent reasons for the doctrine.

The authorities in support of this declaration of the law are quite uniform and abundant. A few only need be cited. 2 Whar. Ev. § § 1318, 1319, and cases in notes. 2 Best Ev. (Wood's ed.) § 365, and the numerous cases and learned review in note. *Bruce* v. *Holden*, 21 Pick. 187 ; *Lothrop* v. *Ide*, 13 Gray, 93.

"A public officer is entitled to reasonable intendments in his favor, the same as are applied to proceedings in court. *Stevens* v. *Kent*, 26 Vt. 503. "There is always a presumption that public officers have not proceeded wholly without authority." *Thornton* v. *Campton*, 18 N. H. 26. Where a public officer has done an act which is illegal, if certain preliminary conditions have not been complied with, the presumption in many cases will be in favor of compliance. *Jackson* v. *Cole*, 4 Cow. 587; *Jackson* v. *Belknap*, 12 Johns. 96; *Wood* v. *Morehouse*, 45 N. Y. 368.

An examination of the cases cited will show the tendency of the authorities upon questions analogous to the case before us. They lead us to the conclusion, that, without opposing evidence the defendant was justified by the warrant issued by him.

*Exceptions sustained.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.