STATE OF MINNESOTA *vs.* HENRY KLUSEMAN *et al.*

Submitted on briefs June 1, 1893.   Affirmed June 22, 1893.

**Indictment for Placing Obstructions on Railroad Track.**

An indictment for placing an obstruction on a railway track *held* to sufficiently state the offense.

**Juror Improperly Rejected on Challenge by the State.**

Where the court, on the challenge of the state, improperly rejects a juror, it will not prejudice the defendant, if he was tried by an impartial jury, and the jury will be presumed to have been impartial if nothing appear to the contrary.

**Testimony of the Accused that He did not Know that the Criminal Act was Wrong.**

Where one charged with crime is above the age at which capacity to commit crime is presumed, his own testimony that he did not know it was wrong to do the act constituting the crime will not, in the absence of any evidence as to his general mental capacity, tend to remove the presumption.

Henry Kluseman, Frederick Schumacher and Albert Schlenz were indicted in the District Court of Norman County, *Ira B. Mills*, J., and convicted under Penal Code, § 476, of placing obstructions upon the track of a railway. Questions of law arose upon the trial which in the opinion of the court were so important as to require the decision

of this court. The defendants desiring it, the case was reported so as to present the questions, and certified here. 1878 G. S. ch. 117, § 11.

The defendants were boys fifteen to sixteen years of age. On June 16, 1891, they stole a pint bottle of whisky from the father of one of them, and started on foot to attend a country dance. They drank the whisky on the road, and arriving at the track of the St. Paul, Minneapolis and Manitoba Railway, just before dark, they piled ties in three places on the track, and waited to see the effect on the passenger train from the north then about due. The train was behind time, and the boys went on, before it arrived. The obstructions were discovered, and the boys arrested and indicted. The following is a copy of the indictment:

### INDICTMENT.

Henry Kluseman, Frederick Schumacher and Albert Schlenz are accused by the grand jury of the county of Norman, in the state of Minnesota, by this indictment of the crime of malicious injury to railroad tracks committed as follows:

The said Henry Kluseman, Frederick Schumacher and Albert Schlenz on the 16th day of June, A. D. 1891, at the township of Pleasant View, in the county of Norman and state of Minnesota, did wilfully, wrongfully, maliciously and feloniously place an obstruction, to-wit: five piles of large, heavy oak railway cross-ties, all of which piles being within a distance of seven hundred feet upon the track of a certain railway then owned by the St. Paul, Minneapolis & Manitoba Railway Company, a corporation duly organized, created and existing under the laws of the state of Minnesota, and upon which track the Great Northern Railway Company, a corporation duly organized, created and existing under the laws of the state of Minnesota, was then and there operating and running a train of railway cars consisting of seven passenger coaches and one mail car and one baggage car, and that the said railway and said trains were then and there being operated and run by steam by the said Great Northern Railway Company as aforesaid, whereby and by reason whereof, the safety of many persons was then and there endangered, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Minnesota.

Dated at the village Ada, in the county of Norman and state of Minnesota, this 10th day of November, A. D. 1892.

JESSE BARNES,

Foreman of the Grand Jury.

The defendants, being arraigned, pleaded not guilty. In impaneling the trial jury, P. H. Aamodt was drawn as a juror, and was challenged by the state for *implied bias*. He had a civil suit pending in the court and to be tried at that term. W. W. Calkins, one of the attorneys defending the boys, was attorney for the juror. The Judge thereupon found the challenge true, and rejected the juror. To this the defendants excepted.

The defendants each offered himself as a witness in his own behalf, and admitted the charge, but each testified that they drank the whisky before reaching the railroad, felt good, and put the ties on the track for fun, to see the train knock them off. Each testified that he did not know that evening, that it was wrong to put the ties on the track, or that they might throw the train off the track.

*W. W. Calkins* and *O. Mosness*, for defendants.

The indictment in this case charges that the "defendants did place an obstruction, to-wit: five piles of large, oak railway cross-ties, all of which piles being within a distance of seven hundred feet upon the track of a certain railway," etc. This does not state with sufficient certainty, nor with any certainty, that the piles were placed upon the track. It seems to us that there can be but two constructions placed upon the language: 1st. That the piles were not upon the track at all, but were within a distance of 700 feet of the track. 2nd. It does not state that they were placed there by defendants, *non constat*, but that they were on the track before, and that defendants, in placing them, moved them off. It cannot well mean 700 feet along the track, for all the piles constitute but one obstruction. This language is entirely too ambiguous and too uncertain.

"Standing in the relation of attorney and client" cannot be construed to mean, that relation between the juror and the defendant's attorney. The relation of attorney and client must exist between the juror and the accused. The relation intended by the statute

cannot exist unless either the juror or the defendant, is an attorney. 1878 G. S. ch. 116, § 19.

All the facts with reference to the acts and conduct of the defendants at the time of, and after the offense, were put in evidence, and tended to support the affirmation of defendants that they did not know the nature or consequences of their act. The fact that they expected to remain and see the train push the ties off the track, and that each of them told their folks what they had done when they got home, is pretty conclusive that they did not realize that they had done wrong.

If any one of the defendants had not sufficient understanding to know that the act for which he was tried was wrong, such defendant cannot be convicted, and it was for the jury to determine whether or not the defendants, or either of them, lacked in capacity to commit the crime charged. The charge of the court improperly assumes that neither of the defendants was an idiot or imbecile.

*The Attorney General* and *E. B. Larson*, County Attorney, for the State.

The indictment states with sufficient certainty the fact that the piles of ties were placed upon the railroad track. It is difficult to see how any other meaning can be derived from the language than that the piles of ties were placed upon the railroad track. There could be no obstruction upon the track without its being placed thereon. The different piles were spread along the track within a distance of less than seven hundred feet, the seven hundred feet being a part of the track of the railroad company. No other reasonable construction can be drawn from the language of the indictment.

While admitting that the court committed an error in discharging the juror, it is not such an error as would entitle the defendants to a new trial. There should be something in the record showing, that on account of the court's discharging the juror, the defendants were prevented from obtaining a fair and impartial jury. *Southern Pacific Co.* v. *Rauh*, 49 Fed. Rep. 696; Thompson, Trials, § 120; *Spies* v. *People*, 122 Ill. 1.

The defendants admit placing the ties upon the railroad track, and offer no evidence whatever constituting a legal defense. There

is no testimony in the record showing or tending to show that the defendants were insane or idiotic.

GILFILLAN, C. J. Defendants were indicted for placing obstructions upon a railroad track. They objected to any evidence being introduced, on the ground that the indictment does not state facts sufficient to constitute a public offense. The specific objection to the indictment is that it does not state with certainty that the obstructions were placed on the track. It states that the defendants did "willfully, wrongfully, maliciously, and feloniously place an obstruction, to wit, five piles of large, heavy, oak, railway cross-ties, all of which piles being within a distance of seven hundred feet upon the track of a certain railway," etc. The want of a comma after the word "feet" confuses somewhat the meaning of the sentence. Punctuation, though frequently of use in determining the meaning of sentences, is not, nor is its absence, always controlling. Courts frequently disregard it, and sometimes supply it, especially where it is necessary in order to give a meaning to the words. In this instance, the words "place an obstruction" must be held to refer to the words "upon the track," etc., else the sentence begun is not completed, and the words really have no meaning. But they have a clear meaning if we supply a comma at the point suggested. While its absence may make a more careful reading necessary to get at the meaning, we do not see how any one could be misled, or could arrive at any other meaning than that the defendants placed the ties upon the track.

Whether the facts stated by the juror Aamodt, on being challenged, made a case of implied bias, within the statute, or not, his rejection could not, so far as the record shows, have prejudiced the defendants. They had no right to any particular juror being selected, provided they had an impartial jury to try their case, and, nothing appearing to the contrary, it is to be presumed that the jury was impartial. See Thomp. Trials, § 120, and cases cited.

Each of the defendants, when sworn in his own behalf, admitted doing the acts constituting the offense, so that the jury could not, (without violating their oaths,) do else than convict.

Two of the defendants were each fifteen years old, and the other sixteen years old, so that they were presumed, under the Penal

v.5'}м.—35

Code, (sections 15–17,) to be responsible for their acts. There was no attempt to remove the presumption by proof of less mental capacity than boys of their age ordinarily have, or that they had not sufficient capacity to understand what they did, or to know its wrongfulness. Their own testimony that they did not know it was wrong to put the ties on the track, and did not know that the ties might throw the train off the track, and injure the passengers, did not, in the absence of any evidence upon the question of their general mental capacity, raise any issue as to their responsibility for their acts, for the jury to pass on. It did not tend to prove either of them to have been an idiot, imbecile, lunatic, or insane person, or that he was laboring under such a defect of reason as not to know the nature and quality of the act he was doing, or not to know that the act was wrong. Pen. Code, § 19.

There was no error, therefore, in the charge of the court, or in its refusals to charge.

The case will be remanded to the court below for further proceedings.

VANDERBURGH, J., took no part in the decision.

(Opinion published 55 N. W. Rep. 741.)

