## STATE v BOHANNON

Ohio Appeals, 1st Dist,. Hamilton Co.

No. 5799. Decided May 8, 1940.

Carl W. Rich, Cincinnati; Simon L. Leis, Cincinnati, and Loyal S. Martin, Cincinnati, for appellee.

Clarence Denning, Cincinnati, and Bernard J. Gilday, Cincinnati, for appellant.

## OPINION

By ROSS, J.

The defendant, Monroe Bohannon, was convicted by a jury, in the Court of Common Pleas of Hamilton County, of the crime of murder in the first degree, and the jury failed to recommend mercy. His co-defendant was also convicted, but with a recommendation of mercy.

The count in the indictment, to which the verdict is responsive. charges the defendant with murder while in the commission of robbery.

An examination of the record discloses that the jury was justified in concluding that there existed no reasonable doubt that the appellant was guilty of the offense charged.

The defendant, however, relies chiefly on two assignments of error.

(1) It is claimed by the appellant that he was prevented from having a fair trial because he was compelled under the order of the court to stand trial

jointly with his co-defendant, who, while he did not plead guilty, threw the blame on Bohannon when he took the stand in his own defense.

The record discloses that the state made a motion for a joint trial of the two defendants and that this motion was granted by the court, under the provisions of §13443-3 GC. Both defendants excepted to the granting of the motion.

No record of what transpired before the court upon the motion is presented. Under any circumstances we would, therefore, be unable to determine that the court did not properly rule on the motion, nothing appearing before us to impair the presumption of regularity attaching to the action of the court, as evidenced by its journal entries.

As far as the record speaks "good cause" was shown to the court for a joint trial. The fact that during the trial it might have become ▮▮▮▮▮▮ ▮ evident that it would have been more to the interest of the complaining defendant to have had separate trials can not be employed now to impair the correctness of the order for a joint trial at the time such order was made. We find against the appellant on this assignment of error.

(2). It is claimed also that prejudicial error intervened as against the defendant Bohannon, in that the court permitted the state seven peremptory challenges, when under the law it was entitled to no more than six. **The defendant did not exhaust all his peremptory challenges.** The section involved is §13443-4 GC. It provides:

"Peremptory challenges in capital cases. On the impaneling of a jury in a capital case the state and the defendant may each peremptorily challenge six (6) of the jurors, which challenges shall be exercised alternately. Neither the state nor the defendant may be deprived of any of the challenges by reason of such order of exercising the same, or the time or manner of exercising the same."

It is claimed that §13443-6 GC, in some way modifies the definite language used in §13443-4, GC, so as to cause such latter section to be interpreted as meaning that the state in a capital case shall have six challenges for each defendant, and so that in the instant case the state was entitled to twelve challenges and each of the defendants six. §13443-6 GC, provides:

"Peremptory challenges in other cases. Except as otherwise provided, the prosecuting attorney and every defendant may peremptorily challenge four (4) of the panel, but if two or more persons are jointly tried the prosecuting attorney shall be entitled to challenge peremptorily a number equal to the total challenges said defendants so jointly tried are entitled to."

As we read these sections, we arrive at the opposite conclusion. Both sections were enacted at the same time. The very fact that the legislature in a non-capital case specified ▮▮▮▮▮▮ ▮ fied that the state should have a number of challenges equal to the total number of challenges to which the defendants jointly tried were entitled and refrained from so providing in a capital case, signifies that such situation was studied and for reasons, which it is not our province to question, left the state with six challenges in any capital case, whether the trial was joint or otherwise. We are not concerned with what the legislature may have intended to enact. We are concerned only with what it did enact into law, as expressed in the statutes.

It is our conclusion that the court committed error in extending to the state more than six peremptory challenges. Was this prejudicial error, requiring a reversal of the judgment of the court of common pleas?

In every criminal case, the court is bound by the provisions of §13449-5 GC. **State of Ohio v Moon, 124 Oh St 465.**

The question presented, therefore, is, does it affirmatively appear from the record that the accused was prejudiced

by the error noted. or by such error was prevented from having a fair trial?

The effect of granting the state excessive peremptory challenges has been before many of the courts of the various states. We do not find any controlling Ohio authority directly in point. The courts are not entirely in accord as to the effect of granting the state more challenges than are permitted by law.

In Foutch v State, 100 Tenn. 334, the court held such error to be prejudicial and reversible, and granted a new trial. To the same effect is the case of State v Bertrand, 167 La. 374.

In State v Hammond, 14 S. D. 545, it was held reversible error to permit the state seven challenges for cause to which by law it was not entitled, and it was also held in this case that the error was not cured because the defendant had not exhausted his peremptory challenges.

The case of Montague v The Commonwealth, 10 Gratton, 767, a case in accord with these authorities, is noted with adverse comment in the opinion in the case of Fishburne v Commonwealth in 103 Va. 1023, at page 1025. We quote from the opinion of Keith, P.

"The petitioner relies in support of this assignment of error upon Montague v Commonwealth, 10 Gratt. 767. In that case the court held that the rejection of a competent juror is error for which the prisoner may except and have the judgment reversed; that the appellate court will not inquire whether injury has been done the prisoner, but the law will intend prejudice.

"That case came under review before the Supreme Court of West Virginia in Thompson v Douglass, 35 W. Va. 340, and Judge Brannon, for the court uses the following language: 'I am of opinion that this decision is erroneous, and hurtful to the practice of the courts and the administration of justice, and ought not longer to prevail. The doctrine that harmless error shall not reverse and render fair trials abortive has made great progress since the date of the decision cited. Judge Lee gave no reasons in the opinion, except that in criminal cases the law would intend harm to an accused when he is deprived of a right. He did not even refer to the quaere in Clore's Case, 8 Gratt. 606, and the strong argument of Judge Lomax. That argument is, in my judgment, unanswerable.'

"In Thompson v Douglass many decisions were reviewed. That of Snow v Weeks, 75 Me. 105, in which it is held that the exclusion of a qualified juror is not reviewable; that the judge may put a legal juror off, but cannot allow an illegal juror to go on; Sutton v Fox, 55 Wis., 531, where it was strongly maintained that the rejection of a competent juror would not be error; Tatum v Young, 1 Port. (Ala.) 298, where it was held that when a cause has been tried by a legally impartial jury, though the judge may have rejected a juror for a cause somewhat questionable as to its sufficiency, such rejection of the juror is not available in error; and in U. S. V. Cornell, 2 Mason 91, Judge Story says that 'Even if a juror has been set aside for insufficient cause, I do not know that it is a matter of error, if the trial had been by a jury duly sworn and impaneled, and above all exception. Neither the prisoner nor the government in such case can have suffered any injury.' To the same effect are O'Brien v Iron Works, 7 Mo. Ap. 257; Maner v State, 8 Tex. Ap. 361; Dodge v People, 4 Neb. 220; John v State, 16 Fla. 554; Railroad Co. v Franklin, 23 Kan. 74; State v Ward, 39 Vt. 225; Watson v State, 63 Ind. 548.

"In Clore's Case, 8 Gratt. 606, the reasoning of Judge Lomax is so conclusive as to remove the subject from the field of controversy. He says: 'When, upon the Commonwealth's challenge, one of the venire is erroneously excluded from the panel of the jury, the effect upon the trial is materially different from that produced by erroneously overruling the prisoner's challenge to a venireman. In the former case the exclusion of a particular man from the jury does not throw any obstacle in the way of empaneling an

impartial jury of qualified jurors. The effect is only to set aside one alleged to be disqualified, and to put in his place one that is qualified. This exclusion and substitution can in no wise affect the fairness and impartiality of the trial, because the trial is still had before a jury, all the members of which are free from exception. Not so in the other case. Then a disqualified juror is imposed upon the accused. He has not been tried by twelve qualified jurors, as the law entitled him, and the disqualification of the juror thus imposed upon him vitiates the verdict. Overruling his challenge therefore, is a just ground of exception on his part, and he is allowed to complain of the error, because he has thereby been aggrieved. He has not been tried as he was entitled to be, by twelve duly qualified jurors. But in the other case, notwithstanding the exclusion complained of, of one of the venire, he has had all that any prisoner can be entitled to demand, a fair and impartial trial before twelve jurors, free from all exception. And, again, if the exclusion of the venireman upon the Commonwealth's challege be a matter of exception and a ground of error on the part of the accused, how can the supposed wrong that the error has inflicted upon him be repaired? It is only upon reversal of the judgment to award a new venire facias; not that he may have the excluded venireman empaneled on his jury, but that he may again be tried by twelve qualified jurors; in other words, that he may have another trial, such precisely in all respects as that fair and impartial trial before a jury free from exception that he has already had. Even if we could suppose that the law entitles him in any sense to an election of his jurors out of the panel of the venire, so that the judge ought not arbitrarily to deprive him of it, yet if he has enjoyed the benefit of the great object of all trials, his wrong can at most amount to damnum absque injuria. We are strongly disposed to think that the exclusion of a venireman upon the Commonwealth's challenge, as stated in this record, ought not be have been allowed as a matter of exception, or to be entertained as error.' "

We have quoted at length from this opinion, for the reason that we consider the arguments sound and to represent the weight of the more recent authority.

In accord with this last authority is that of State v O'Connor 58 N. D. 554, and again we are impelled to quote from the language of the opinion in this case:

" 'The right of peremptory challenge is not of itself a right to select, but a right to reject jurors.' United States v Merchant, 12 Wheat. 480, 6 L. ed. 700.

" 'No party can acquire a vested right to have a particular member of the panel sit upon the trial of his cause until he has been accepted and sworn. It is enough that it appear that his cause has been tried by an impartial jury. It is no ground of exception that, against his objection, a juror was rejected by the court upon insufficient grounds, unless, through rejecting qualified persons, the necessity of accepting others not qualified has been purposely created. Thus, in the process of impaneling, no party is entitled, as of right, to have the first juror sit who has the statutory qualifications; though there are authorities to the contrary, chiefly based on exaggerated views of the rights of the accused in criminal trials. But this is on principle quite' untenable; since, if the prisoner has been tried by an impartial jury, it would be nonsense to grant a new trial of a venire de novo upon this ground in order that he might be again tried by another impartial jury. * * * Finally, it is a rule of paramount importance that errors committed in overruling challenges for cause are not grounds of reversal, unless it be shown an objectionable juror was forced upon the challenging party after he had exhausted his peremptory challenges; if his peremptory challenges remained unexhausted, so that he might have excluded the objectionable juror by that

means, he has no ground of complaint.' 1 Thomp. Trials, 2d ed, §120.

" 'The erroneous disallowance of a challenge for cause in criminal cases is harmless if it does not appear that an objectionable juror was forced upon the defendant. Thus if the defendant has not exhausted all of his peremptory challenges he may not complain; it must affirmatively appear that some juror was forced upon the defendant against his objection. A similar rule prevails when the prosecution is erroneously permitted peremptorily to challenge a juror.' 15 Cal. Jur. p. 432.

"See also United States v Merchant, supra; Stevens v Union R. Co., 26 R. I. 90; 66 L. R. A. 465; 58 Atl. 492; State use of Barnet v Dalton, 60 Miss. 611, 10 So. 578; State v Kluseman, 53 Minn. 541, 55 N. W. 741; State ex rel Pepple v Banik, 21 N. D. 417, 131 N. W. 262; People v Troutman, 187 Cal. 313, 201 Pac. 928."

See also: 12 Am. & Eng. Ann. Cases 372.

Again, we find the same conclusion in the case of People v Durrant, 116 Cal. 180. In the opinion at page 199, the court say:

"The ruling by which the prosecution was allowed to interpose the peremptory challenge worked no hardship to the defendant. His right was to a fair and impartial jury, not to a jury composed of any particular individuals. When it appears that a fair and impartial jury was obtained, it is the general rule that an error of the court in allowing a challenge and permitting a juror to be excused is not subject to review. (Territory v Roberts, 9 Mont. 12; State v Kluseman, 53 Minn. 541; State v Chin Ling, 16 Or. 419; Snow v Weeks, 75 Me. 105; Thompson v Douglass, 35 W. Va., 337; John D. C. v State, 16 Fla. 554; State v Ward, 39 Vt. 225; Watson v State, 63 Ind. 548; Tatum v Young, 1 Port. 298; Richards v State, 36 Neb. 17.)

"It cannot be said, under the circumstances shown, that any injury resulted to defendant from the ruling, or that any abuse of discretion is shown. (People v Arceo, 32 Cal. 40; People v Murray, 85 Cal. 350; People v Murphy, 45 Cal. 137.)"

See also in accord with the conclusions expressed in these latter cases: State v Thornhill, 188 La. 762; Bevis v State, 90 Ark. 586. Many authorities may be cited to the same effect where a challenge for cause has been granted the state erroneously. Among these are: State v Conner, 59 Idaho 695; Wheeler v The People, 63 Colo 209; State v Rodiiguez, 23 N. M. 156; Campbell v U. S. 221 Fed 186 (9th C.A.); State v Byrd, 41 Mont. 585.

It is our conclusion, therefore, that while error intervened that according to the weight of authority, ▮▮▮▮▮▮ ▮ the better reasoning and the considered modern opinions, such error, should not be deemed of such prejudicial character as to require a reversal of the judgment. especially where, as in the instant case, it appears that the appellant, by a failure to exercise his remaining peremptory challenges, must be considered to have contented himself with the jury as so constituted.

There is not even a suggestion in this record that the jury employed in the trial of this case was not fair and impartial. To what more is the appellant entitled?

Eighteen assignments of error have been presented to this court. We have commented at length upon some of them. As to those not specifically mentioned, we find that the record develops no basis for a reversal of the judgment. Our conclusion as to those discussed at length as hereinbefore set fourth is to the same effect.

The judgment of the Court of Common Pleas is affirmed.

HAMILTON, PJ. & MATTHEWS, J., concur.