# STATE OF MINNESOTA
## IN COURT OF APPEALS
### A16-0265

State of Minnesota,
Respondent,

vs.

Jacob Michael McKinley,
Appellant.

**Filed February 13, 2017**
**Affirmed**
**Schellhas, Judge**

Ramsey County District Court
File No. 62-CR-15-4868

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Anders J. Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Jesson, Presiding Judge; Ross, Judge; and Schellhas, Judge.

## S Y L L A B U S

A district court does not err when it sustains a for-cause challenge of a juror under Minn. R. Crim. P. 26.02, subd. 5(1)(1), because the juror is untruthful, evasive, or lacking in candor during voir dire and the court is satisfied that the juror cannot try the case impartially and without prejudice to the substantial rights of the challenging party.

**O P I N I O N**

**SCHELLHAS**, Judge

Appellant challenges his convictions of first-degree burglary, kidnapping, and first-degree criminal sexual conduct, arguing that the district court erred by striking a prospective juror for cause.

**FACTS**

Very early on a June 2015 morning, appellant Jacob McKinley entered a St. Paul apartment through a partially open window. He then dragged a female tenant from her bedroom to a living-room couch and sexually assaulted her. The state charged McKinley with first-degree burglary, kidnapping, and first-degree criminal sexual conduct.

McKinley demanded a jury trial, and the district court required prospective jurors to complete a juror questionnaire that stated, **"YOU ARE UNDER OATH AND ARE REQUIRED TO ANSWER THE QUESTIONS TRUTHFULLY. YOU ARE EXPECTED TO SIGN THE QUESTIONNAIRE AND YOUR ANSWERS WILL HAVE THE EFFECT OF A STATEMENT GIVEN UNDER OATH TO THE COURT."** The questionnaire included question number 37, as follows: "Have you or has anyone close to you ever been arrested, accused, charged, indicted, or convicted of a crime?" Prospective juror K.H. answered yes to the question and stated, "I was convicted of CVO in 2006 driving while drinking."

Regarding juror K.H., the prosecutor informed the district court that he had found public criminal-history records that revealed that K.H. had been arrested in 2002 for felony

2

criminal sexual conduct, convicted in 2003 of third-degree possession of a controlled

substance, and arrested in 2004 for auto theft. The following colloquy occurred:

> THE COURT: Well, I'm concerned here . . . . [Y]ou've indicated now three additional incidents. Are there multiple others?
> THE STATE: Yes, Your Honor.
> THE COURT: How many others?
> THE STATE: There is a CVO, which indicates a sentencing date also of 10-15-2008.
> THE COURT: Okay.
> THE STATE: There is an additional 2007 Possession With Intent to Sell, which has the same sentencing date, 10-15-2008.
> THE COURT: Okay.
> THE STATE: There —
> THE COURT: I've already heard enough to believe that he has not been forthcoming on the questionnaire.

At the request of defense counsel, the court questioned K.H. about his apparent lack

of candor in completing the jury questionnaire, as follows:

> THE COURT: Are there any other arrests you have had in your history, sir?
> PROSPECTIVE JUROR: Yes.
> THE COURT: Okay. Tell me about those.
> PROSPECTIVE JUROR: I got convicted of criminal vehicular and possession.

The court inquired about the specifics of those convictions and asked K.H. whether he had

any other arrests or convictions, and K.H. said no. The court also asked K.H. why he did

not list the other conviction in his questionnaire, and K.H. said he did not list it because he

"thought maybe [the court] just wanted the recent one." The court then asked K.H. whether

he ever had been arrested for theft, and K.H. said no. The court also asked whether K.H.

ever had been arrested for "any kind of criminal sexual conduct behavior," and K.H.

3

responded, "I didn't get charged with that, though" and stated, "That was just being at the wrong place at the wrong time."

During follow-up questioning by defense counsel, K.H. admitted that he had a conviction for third-degree drug possession with intent to sell. When defense counsel inquired about whether K.H. had pending against him a possible case for harassment or violation of an order for protection, K.H. responded that he did not know anything about that. Then the prosecutor asked K.H. whether he had more than one controlled-substance conviction, and K.H. said, "[N]o. . . . I got caught one time. They gave me a third degree, because there was narcotics, and then the other one was marijuana. . . . They just gave me a fifth degree marijuana because I got caught with two bags of marijuana." The prosecutor then asked whether that involved a separate arrest. K.H. said yes, and the prosecutor challenged K.H. for cause, arguing that K.H. had not been truthful. In response, defense counsel said, "I would just note that [K.H.] did say he thought the . . . most recent conviction was the one that he had to list. Any time questioned he did say whether he remembered the incident or not." The court sustained the state's for-cause challenge of K.H. on the basis that he had not been forthcoming either in the jury questionnaire or in court.

A jury found McKinley guilty of all charges, and the district court sentenced him to prison. This appeal follows.

### ISSUE

Did the district court err by sustaining the state's for-cause challenge of prospective juror K.H. for not being forthcoming during voir dire?

4

**ANALYSIS**

"The Sixth Amendment to the United States Constitution and Article I, Section 6 of the Minnesota Constitution guarantee the right to a trial by an impartial jury in all criminal prosecutions." *State v. Horst*, 880 N.W.2d 24, 41 (Minn. 2016) (quotation omitted). Most Minnesota caselaw regarding jury selection involves denials of challenges of jurors for cause. *See, e.g.*, *id.* at 42 (concluding that district court did not abuse its discretion by denying defendant's challenge of juror for cause); *State v. Fraga*, 864 N.W.2d 615, 625−26 (Minn. 2015) (reaffirming holding of *State v. Williams*, 593 N.W.2d 227, 238 (Minn. 1999), and reversing and remanding for new trial because juror with actual bias sat on jury).

In the case before us, the district court sustained the state's for-cause challenge of a juror. McKinley seeks reversal of his conviction and a new trial, arguing that the district court erred when it sustained the state's for-cause challenge to prospective juror K.H. for not being forthcoming because not being forthcoming is not listed as a ground on which to challenge a juror for cause under Minn. R. Crim. P. 26.02, subd. 5(1)(1). "[Appellate courts] give great deference to a district court's findings of fact regarding juror bias and review a district court's decision to seat a juror for abuse of discretion." *Fraga*, 864 N.W.2d at 623 (citation and quotation omitted). "Permitting a biased juror to serve is structural error requiring automatic reversal." *Id.* "A prospective juror may be rehabilitated if the juror states unequivocally that he or she will follow the district court's instructions and will set aside any preconceived notions and fairly evaluate the evidence." *State v. Prtine*, 784 N.W.2d 303, 310 (Minn. 2010). "The [district] court is in the best position to determine

whether jurors can be impartial because it hears the prospective jurors' testimony and observes their demeanor." *State v. Drieman*, 457 N.W.2d 703, 708−09 (Minn. 1990).

McKinley did not object at trial to the state's for-cause challenge. We therefore review the court's removal of K.H. for plain error. "[B]efore an appellate court reviews an unobjected-to error, there must be (1) error; (2) that is plain; and (3) the error must affect substantial rights." *State v. Griller*, 583 N.W.2d 736, 740 (Minn. 1998). If an appellant satisfies these three parts, then the appellate court "assesses whether it should address the error to ensure fairness and the integrity of the judicial proceedings." *Id.*

In *State v. Kluseman*, the defendants claimed that the district court erred by rejecting a particular juror. 53 Minn. 541, 545, 55 N.W. 741, 741 (1893). Without determining whether the prospective juror was in fact biased, the supreme court concluded that the juror's rejection could not have prejudiced the defendants, stating that "[the defendants] had no right to any particular juror being selected, provided they had an impartial jury to try their case, and, nothing appearing to the contrary, it is to be presumed that the jury was impartial." *Id.*

In *State v. Hurst*, the state challenged four jurors, and the district court removed all four jurors. 153 Minn. 525, 532, 193 N.W. 680, 682 (1922). The supreme court concluded that, as to three of the jurors, "the challenge was not well taken." *Id.* But the court noted that "there is no intimation that the jury that tried the case was not in all respects a fair jury. Under these circumstances it is well settled in this state that the error was without prejudice." *Id.* The court also quoted the syllabus point in *Kluseman*, as follows: "Where

the court, on the challenge of the state, improperly rejects a juror, it will not prejudice the defendant, if he was tried by an impartial jury," *id.* at 532, 193 N.W. at 683, and said:

> [T]he right to reject is not a right to select. No party can acquire a vested right to have a particular member of the panel sit upon the trial of his cause until he has been accepted and sworn. It is enough that it appear that his cause has been tried by an impartial jury. It is no ground of exception that, against his objection, a juror was rejected by the court upon insufficient grounds, unless, through rejecting qualified persons, the necessity of accepting others not qualified has been purposely created. Thus, in the process of impaneling, no party is entitled, as of right, to have the first juror sit who has the statutory qualifications, though there are authorities to the contrary, chiefly based on exaggerated views of the rights of the accused in criminal trials. But this is on principle quite untenable; since, if the prisoner has been tried by an impartial jury, it would be nonsense to grant a new trial or a venire de novo upon this ground, in order that he might be again tried by another impartial jury.

*Id.* at 533, 193 N.W. at 683 (quotation omitted).

A juror may be challenged for cause when "[t]he juror's state of mind—in reference to the case or to either party—satisfies the court that the juror cannot try the case impartially and without prejudice to the substantial rights of the challenging party." Minn. R. Crim. P. 26.02, subd. 5(1)(1). McKinley is correct that nothing in the rule explicitly allows the district court to excuse a juror for cause because a juror does not give truthful, candid answers to the court's questions on a juror questionnaire or during voir dire. But the rule allows a court to dismiss a prospective juror if the juror demonstrates a state of mind that satisfies the court that the juror cannot try the case impartially. *See id.*

"Voir dire" means "to speak the truth." *Black's Law Dictionary* 1805 (10th ed. 2014). "The necessity of truthful answers by prospective jurors if [voir dire] is to serve its

7

purpose is obvious." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 554, 104 S. Ct. 845, 849 (1984). Courts in other jurisdictions have acknowledged that juror dishonesty during voir dire can create a presumption that a prospective juror is biased. *See Green v. White*, 232 F.3d 671, 678 (9th Cir. 2000) (reversing a denial of a writ of habeas corpus because juror's pattern of lies and misbehavior created "destructive uncertainties" about his ability to serve as an impartial juror); *Dyer v. Calderon*, 151 F.3d 970, 983 (9th Cir. 1998) ("If a juror treats with contempt the court's admonition to answer voir dire questions truthfully, she can be expected to treat her responsibilities as a juror—to listen to the evidence, not to consider extrinsic facts, to follow the judge's instructions—with equal scorn."); *State v. Harris*, 264 Neb. 856, 862, 652 N.W.2d 585, 590 (2002) (noting that "[w]hen a juror deliberately conceals information, courts address the issue in terms of juror bias," and "[s]ome courts hold that when a juror deliberately concealed information or purposely gave an incorrect answer during voir dire, bias is presumed").

We conclude that when a district court is convinced that a juror is untruthful, evasive, or lacking in candor during voir dire, Minn. R. Crim. P. 26.02, subd. 5(1)(1), allows the court to remove the juror for cause because such a juror cannot try the case impartially and without prejudice to the substantial rights of the challenging party, as required by the rule. McKinley failed to establish that the district court erred by sustaining the state's for-cause challenge to K.H., and he makes no claim that he was not tried by an impartial jury.

## DECISION

Because the district court did not err by sustaining the state's for-cause challenge of a juror under Minn. R. Crim. P. 26.02, subd. 5(1)(1), when the juror was untruthful, evasive, or lacking in candor during voir dire, and because McKinley has not proved that the jury that tried him was not impartial, he is not entitled to a new trial.

**Affirmed.**